36071. RIVERS *v.* TRAVELERS INSURANCE Co. *et al.*

NICHOLS, J. 1. "The burden of proof is on the claimant in cases arising under the Workmen's Compensation Act to establish the fact that the employee has sustained an accidental injury such as is contemplated by the act." *Maddox* v. *Buice Transfer & Storage Co.*, 81 *Ga. App.* 503 (59 S. E. 2d 329). See also *American Mutual Liability Ins. Co.* v. *Harden*, 64 *Ga. App.* 593 (13 S. E. 2d 685).

2. "The fact that compensation was paid on the original injury does not preclude the employer and insurer from contending that the present disability [if any] did not stem from the original injury." *Roberts* v. *Lockheed Aircraft Corp.*, 93 *Ga. App.* 440 (92 S. E. 2d 51), citing *Pepperell Mfg. Co.* v. *Mathis*, 92 *Ga. App.* 85 (88 S. E. 2d 201).

3. "In the absence of fraud, findings of fact made by the director and approved on appeal by the full board are binding on the courts if there is any evidence to support them; and, where no error of law appears, such findings will not be disturbed on appeal." *Fleming* v. *Fidelity &c. Co. of New York*, 89 *Ga. App.* 405 (1) (79 S. E. 2d 407).

4. In the present case, where the evidence was in sharp conflict as to whether the claimant was at the present time disabled, and whether *any* present disability from which she was then suffering was the result of the injury for which compensation had previously been paid, the award of the single director denying compensation, which was approved by the full board, was authorized by the evidence, and the judge of the superior court did not err in affirming such award.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*

DECIDED APRIL 24, 1956.

*Mitchell & Walters, Robert L. Mitchell,* for plaintiff in error.
*Marshall, Greene & Neely, Edgar A. Neely, Jr.,* contra.