### 39563. JOHNSTON v. BOSTON-OLD COLONY INSURANCE COMPANY et al.

BELL, Judge. The testimony of a physician who examined and treated the claimant was that she had an arteriosclerotic cardiovascular disease and that he knew of no evidence to indicate that exercise or exertion caused the disease. This evidence justified the board in finding that there was no evidence of exertion which caused the condition from which the claimant is suffering; that she did not sustain an accidental injury arising out of and in the course of her employment; and in denying compensation. The statute excludes disease in any form, except as otherwise provided, unless the disease results naturally and unavoidably from the accident. *Code Ann.* § 114-102.

Neither the occupational disease statute nor any other provision of the Workmen's Compensation Act includes disability resulting from the disease the claimant here has, which was not produced or aggravated by the employment.

The board was authorized to find that the claimant at the time of her purported accident had arteriosclerotic heart disease which had developed slowly over the years to a point where it was detrimental to her to engage in work which entailed enough exertion to cause angina pectoris, or pains in the chest and arms, and that since the exertion did not cause damage to the heart which caused the disability there was no accidental injury under the law. The fact that the exertion required by the job caused the employee pain does not constitute an accidental injury. The legal cause of the pain in such a case is the physical condition of the employee and not the exertion on the job. This case is not like the cases where exertion on the job causes heart damage which incapacitates the employee. Here there is no heart damage except from disease. Pain suffered by an employee because he engages in an occupation which he is physically unable to perform is not an accidental injury. Where there is no causal relation between the accidental injury and the disability, cases such as *Davis v. Bibb Mfg. Co.*, 75 Ga. App. 515, 518 (43 SE2d 780), are neither applicable nor controlling.

The superior court properly affirmed the denial of compensation by the State Board of Workmen's Compensation.

*Judgment affirmed. Felton, C. J:, and Hall, J., concur.*

DECIDED JULY 16, 1962—REHEARING DENIED JULY 26, 1962.

*Smith, Field, Ringel, Martin & Carr, Charles L. Drew, Charles H. Edwards,* for plaintiff in error.

*Powell, Goldstein, Frazer & Murphy, Frank Love, Jr.,* contra.