## 43005. J. D. JEWELL, INC. v. PECK.

HALL, Judge. The evidence shows that the deceased husband of the claimant suddenly fell on the floor while he was at work in his employment and died within 24 hours. For at least 10 weeks before he died he had worked an average of 70 hours a week. There was medical evidence that the deceased employee had hypertension and was 20 or 30 pounds overweight and that he died of a coronary occlusion. A physician testified that he could not give an opinion whether what the deceased was doing at the time of his death contributed to his heart attack and death, but in his opinion working such hours had some bearing on the deceased's heart disease (hypertension) and probably contributed to the heart attack, but he did not know and no one could know to what degree.

The opinion evidence in this case was sufficient to support a finding that the claimant's employment contributed to causing his coronary occlusion and death and authorized the award for the claimant. *Thomas v. United States Cas. Co.,* 218 Ga. 493 (128 SE2d 749); *Williams v. Maryland Cas. Co.,* 67 Ga. App. 649, 651 (21 SE2d 478); *Carter v. Ga. Power Co.,* 107 Ga. App. 380 (130 SE2d 156); *Sears, Roebuck & Co. v. Poole,* 112 Ga. App. 527 (145 SE2d 615); *Burson v. Howell,* 112 Ga. App. 675 (145 SE2d 718), cert. denied 112 Ga. App. 896. Just as in the cases cited, medical opinion that some specific incident of exertion at work before an attack precipitated it and contributed to death was held sufficient to authorize a finding that the work contributed to cause death; medical opinion that exertion in working for abnormally long hours over a long period contributed to the attack and death authorizes a finding in this case that the work was a contributing cause of death.

The opinion in *Hoffman v. National Surety Corp.,* 91 Ga. App. 414, 417 (85 SE2d 784), relied upon by the employer, states

that there was no evidence of medical opinion that exertion in the employment contributed to the deceased's death. The evidence in this case meets the requirement stated in that opinion that, "it must be shown by evidence, opinion or other-wise, that the exertion attendant upon the duties of employ-ment, no matter how slight or how strenuous, and no matter with what other factors—such as pre-existing disease or pre-disposition to attack—it may be combined, was sufficient to contribute toward the precipitation of the attack. . . The opinions of experts that the exertion shown by the evidence to exist would be sufficient is also sufficient to authorize a finding on the part of the fact-finding tribunal that it did."

*Judgment affirmed. Felton, C. J., concurs. Eberhardt, J., con-curs in the judgment.*

SUBMITTED SEPTEMBER 5, 1967—DECIDED SEPTEMBER 12, 1967—REHEARING DENIED SEPTEMBER 29, 1967.

*Robinson, Thompson, Buice & Harben, Sam S. Harben, Jr.,* for appellant.

*Paris & Channell, James W. Paris, G. Wesley Channell,* for appellee.