44153. CABIN CRAFTS, INC. v. PELFREY.

ARGUED FEBRUARY 5, 1969—DECIDED JUNE 5, 1969—
REHEARING DENIED JUNE 18, 1969—

*McCamy, Minor, Vining & Phillips, Carlton McCamy,* for appellant.

*McDonald, McDonald & McDonald, Ernest McDonald,* for appellee.

HALL, Judge. 1. There was evidence of the following facts: The employer, Cabin Crafts, was a manufacturer of carpets and the deceased was employed as a salesman to retailers. Entertainment by sellers of prospective buyers was a usual practice and custom in the deceased's work. For his superior sales record the deceased had been selected in 1965 and again in 1966 to attend a mill representatives advisory council hosted by a carpet yarn manufacturer, Chemstrand, to which representatives of various carpet manufacturers were invited. The meeting had the purpose of discussion between representatives of Chemstrand and

of the carpet manufacturers of their views on yarn and fabrics that the carpet manufacturers were buying, how the yarns were being accepted by the customers and how they were holding up, and promoting sales relationships—"Chemstrand was trying to sell Chemstrand, and each salesman in turn was selling their company to Chemstrand." The program planned and paid for by Chemstrand included meetings for discussion in the morning and entertainment in the afternoon and evenings. Attendance at the meeting was an incentive award to Cabin Crafts' top salesman who was expected to attend with his wife. (On oral argument the employer conceded that the deceased was expected and urged to attend this meeting.) The deceased and his wife arrived at the place of the meeting, Point Clear, Alabama, early Wednesday afternoon and as arranged by Chemstrand were picked up at the airport and driven to the hotel for lunch and were free to spend the afternoon as they liked, attended a cocktail party, dinner, and dance in the evening, and spent the night in the hotel. The following morning the deceased attended the scheduled meeting at the hotel beginning at 9. (Another meeting was scheduled the following morning, Friday.) In the afternoon the deceased went fishing with the other representatives attending the meeting, returned around 5, then went to a cocktail party, dinner and Western dance, for which Chemstrand had furnished costumes, attended by the other mill representatives and representatives of Chemstrand. After eating dinner and square dancing with his wife, the deceased sat down at this table, fell to the floor with his chair, and died, it appeared, instantly.

The prime thrust of the employer's argument is that the deceased died while engaged in activity purely for his personal gratification. Conceding that the activity might have been personally gratifying, the law "merely inquires whether the employment was a contributing factor. If it was, the concurrence of the personal cause will not defeat compensability." 1 Larson, Workmen's Compensation Law 50, § 7.40.

The evidence supports a finding that the activity was in the interest of his employer and was reasonably necessary or incident to the regular work of the deceased. It shows, in fact,

that the deceased went where the employer expected and urged him to go and at the time he died was participating in the program of the mill representatives' advisory council. *Aetna Cas. &c. Co. v. Jones,* 82 Ga. App. 442, 426 (61 SE2d 293); *Zurich Ins. Co. v. Zerfass,* 106 Ga. App. 714, 717 (128 SE2d 75); *Pike v. Maryland Cas. Co.,* 107 Ga. App. 49, 51 (129 SE2d 78). Accord *Continental Cas. Co. v. Weems,* 60 Ga. App. 410 (3 SE2d 846); *Thornton v. Hartford Acci. &c. Co.,* 198 Ga. 786 (32 SE2d 816); *U. S. Fidelity &c. Co. v. Hamlin,* 98 Ga. App. 167 (105 SE2d 481); Shell Oil Co. v. Industrial Acci. Comm., 199 Cal. App. 2d 426 (18 Cal. Rep. 540). Cf. *U. S. Fidelity &c. Co. v. Skinner,* 188 Ga. 823, 830 (5 SE2d 9).

2. There is medical evidence supporting a finding that exertion in the activities in which the deceased was participating when he died contributed to his death. A physician testified that it was likely that this exertion had a great deal to do with it. It is true that the mere fact that an employee suffered a fatal attack while at work does not require a finding that the attack was caused by exertion in the course of employment. *Hansard v. Ga. Power Co.,* 105 Ga. App. 486 (124 SE2d 926). But medical testimony that there is a reasonable probability that such exertion contributed to the attack is sufficient to support a finding that it did. *Aetna Cas. &c. Co. v. Pulliam,* 99 Ga. App. 406 (108 SE2d 823); *McDaniel v. Employers Mut. Liab. Ins. Co.,* 104 Ga. App. 340 (121 SE2d 801); *Burson v. Howell,* 112 Ga. App. 675 (145 SE2d 718); *J. D. Jewell, Inc. v. Peck,* 116 Ga. App. 405 (157 SE2d 806). Cf. *Hoffman v. National Surety Corp.,* 91 Ga. App. 414, 417 (85 SE2d 784). Moreover, it has been held, when the employee had a sudden fatal attack while exerting himself at work, and there was no medical evidence that exertion at work did or did not contribute to the attack, an award of compensation was demanded. *Williams v. Maryland Cas. Co.,* 67 Ga. App. 649 (21 SE2d 478) (pre-existing disease was present); *Travelers Ins. Co. v. Young,* 77 Ga. App. 512 (48 SE2d 748) (no history of pre-existing disease).

*Judgment affirmed. Jordan, P. J., and Whitman, J., concur.*