### 45602. COX v. EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY OF WISCONSIN et al.

DEEN, Judge. As to workmen's compensation cases involving disability following a heart attack while in the course of employment, "it must be shown by evidence, opinion or otherwise, that the exertion attendant upon the duties of employment, no matter how slight or how strenuous, and no matter with what other factors—such as pre-existing disease or predisposition to attack—it may be combined, was sufficient to contribute toward the precipitation of the attack . . . The opinions of experts that the exertion shown by the evidence to exist would be sufficient is also sufficient to authorize a finding on the part of the fact-finding tribunal that it did." *Hoffman v. National Surety Corp.,* 91 Ga. App. 414, 417 (85 SE2d 784); *J. D. Jewell, Inc. v. Peck,* 116 Ga. App. 405, 406 (157 SE2d 806). If supported by any ev-

idence the award of the hearing director, affirmed by the full board on appeal, must be affirmed. Here the evidence shows that the employee was hired after a physical examination which showed no evidence of heart disease, that he engaged in heavy manual labor, that he had been employed for about a year when he had a heart attack on the job. On the morning in question he spent a half hour loading 10 to 20 pound boxes on a truck, walked about 500 yards to another location and spent 20 minutes loading a truck with half-pound to pound cans, walked 100 yards to an embankment and commenced shoveling dirt and gravel up the embankment. The location was hot. After about 30 minutes to an hour of shoveling the claimant was stricken with disabling chest pain. He was hospitalized, returned to work 8 days later, and while sweeping, mopping and emptying garbage cans suffered another attack. He has heart disease and is totally and permanently disabled from work. A medical witness testified: "Q. I will ask you if the exertion that he was doing on that day, shoveling dirt, could have precipitated or brought on the attack? A. Yes."

The above testimony is sufficient to support the award in favor of the claimant, although all of the medical testimony indicates pre-existing heart disease, and some of the testimony explained the attack simply as pain which, although brought on by the exertion, was merely a symptom of the disease and not itself an "accident." Pain alone, of course, is not compensable. A denial of compensation is authorized by evidence disclosing that the claimant has heart disease "which was neither produced nor aggravated by his employment." *Gurin v. Bituminous Cas. Co.,* 107 Ga. App. 823 (131 SE2d 566) following *Johnston v. Boston-Old Colony Ins. Co.,* 106 Ga. App. 410 (126 SE2d 919). Where the employment is by its nature so strenuous that it, combined with the disease, is sufficient to bring on symptoms of pain, indigestion, suffocation and constriction which are physically disabling, and the medical opinion is that such disability is total and permanent, it becomes a matter of semantics whether the disability is described as a symptom of the disease or a disability to which the exertion was a contributing precipitating factor. It may well be both. The fact-finding body must

in this event remain the final arbiter of the compensability of the attack, and of whether the disability arose out of the employment as well as in the course of it.

The judgment of the superior court reversing the award was error.

*Judgment reversed. Hall, P. J., and Evans, J., concur.*

ARGUED SEPTEMBER 16, 1970—DECIDED OCTOBER 15, 1970.

*C. C. Perkins,* for appellant.
*George W. Mullins, Jr.,* for appellees.