## 48256. LIBERTY MUTUAL INSURANCE COMPANY et al. v. WILLIAMS.

EVANS, Judge. This is a workmen's compensation case. The dispute centers around a finding by the deputy director and a different finding by the full board.

The deputy director determined that claimant had a permanent partial industrial handicap of 15% permanent partial loss of use of his left upper extremity. The full board agreed, but went further and determined that claimant also had a 5% bodily disability of his posterior thorax and a partial incapacity to work. Of course, the full board's finding increased the amount of

the award.

1. Appellant complains of an erroneous statement of fact in the finding of the full board, to wit: "During this period of employment, the employee continued to complain of pain and inability to perform the duties required of him by his employer." A painstaking search of the entire record fails to reveal the above complaints and to that extent the finding of the full board is erroneous.

2. But, the finding of the full board is supported by ample evidence in the record, even though the above alleged complaints of pain be completely disregarded as surplusage. And under the "any evidence" rule, the finding of the full board must be upheld. *American Mut. Liab. Ins. Co. v. Sisson,* 198 Ga. 623, 625 (32 SE2d 295); *Hartford Acc. &c. Co. v. Ledford,* 116 Ga. App. 402, 403 (157 SE2d 318); *Royal Indemnity Co. v. Coulter,* 213 Ga. 277, 278 (98 SE2d 899), and cits.

The full board found from the medical testimony that claimant had suffered "a 15% permanent partial loss of use of his left arm and in addition thereto a 5% bodily disability related to the injury to the posterior thorax." In the medical testimony we find the following questions and answers: "Q. Doctor, as far as the body as a whole is concerned, what degree of permanent disability has he sustained as a result of this injury? A. I would estimate 5 percent. Q. Doctor, what degree of permanent disability has he sustained to the left arm as a result of his injury? A. You mean a percentage basis? Q. Yes. A. That would run around 15." There was evidence to support the award of a partial incapacity to work. This is especially true as the claimant was found to be earning $15 to $25 per week, paid by his father, and living at home (room and board), which he was also doing while employed by the defendant. Claimant testified that this money was not a regular salary but his father, "kinda gives me what I need, just helping me out." Thus, the finding of a capacity to work, "capable of earning an average weekly wage of $25.00 per week" was a finding also within the range of the evidence.

The evidence amply supports the material findings of fact.

3. The finding of the deputy director was premised upon Code § 114-406 (as amended, Ga. L. 1971, pp. 895, 896), which was proper; and there was evidence to support same. The finding of the full board was under Code § 114-405 (as amended, Ga. L. 1968, pp. 3, 4), which was also proper, and there was evidence to support it. A finding by the full board supersedes a finding by a

director or deputy director, where supported by the evidence. Code Ann. §§ 114-708, 114-709 (Ga. L. 1943, p. 167 et seq.; 1963, p. 141 et seq.; 1968, p. 3 et seq.; 1972, p. 149 et seq.)

4. The superior court upheld the award of the full board, and this court affirms the judgment of the superior court.

*Judgment affirmed. Hall, P. J., and Clark, J., concur.*

SUBMITTED MAY 30, 1973 — DECIDED JUNE 25, 1973 — REHEARING DENIED JULY 11, 1973.

*Swift, Currie, McGhee & Hiers, James T. McDonald, Jr.,* for appellants.

*Mundy, Gammage & Cummings, E. Lamar Gammage, Jr.,* for appellee.

