48738, 48739. TRAVELERS INSURANCE COMPANY et al. v. HOGUE; and vice versa.

HALL, Presiding Judge. This is a Workmen's Compensation case. The employer and insurer, J. C. Penney Company and The Travelers Company, (hereinafter, "appellants") appeal the decision of the Superior Court which set aside an award of compensation by the full Board of Workmen's Compensation, and remanded the case to the board for the taking of a designated kind of medical evidence; for a finding of the percent of loss of use of claimant's leg; and for computation of her pre-hearing medical expenses. Appellants' position is that the court should have reversed the award. There is a cross appeal by claimant, Antoinette Hogue, who also contests the validity of the remand but urges that the court should have affirmed the award on the "any evidence" rule.

On October 9, 1971, claimant was injured at work when a crate of dishes fell on the outside portion of her right leg beneath the knee, causing pain, swelling and initial numbness. At the compensation hearing, almost exactly a year later, claimant testified that her condition was substantially unimproved, and that when she stood or walked she experienced such swelling of the leg that she could not do her housework. Though other doctors testified as well, Dr. Fred Bennett, Jr., testified that the condition of the legs was active thrombophlebitis, and that this condition could have been caused by the injury, though he acknowledged that it could have been caused by other factors. The deputy director's finding in pertinent part was, "I find further claimant has been unable to work since her injury, and continues to be disabled to work, inasmuch as her leg swells if she stands on her feet any length of time." Compensation was awarded, and was confirmed by a majority of the full board on the subsequent appeal by appellants. Appellants then appealed to the superior court, which issued the remand order which they appeal here.

Appellants raise 21 enumerations of error many of which may be reduced to a claim that the superior court erred in failing to reverse the award for the reason that there was no evidence to support it, the testimony of Dr. Bennett being allegedly subject to objection on various grounds and failing to show a connection of the claimant's thrombophlebitis with the work injury. Appellants additionally enumerate as error several attributes of

the remand order, including instructions therein to the full board for conduct of proceedings thereafter.

Where the award of the board is supported by any evidence the superior court is without authority to set it aside and remand to the board for the taking of further medical evidence. Code § 114-710; *Fox v. Hartford Accident & Indem. Co.,* 130 Ga. App. 104 (202 SE2d 568); *Turner v. Baggett Transportation Co.,* 128 Ga. App. 801, 804 (198 SE2d 412); *Hartford Accident & Indem. Co. v. Snyder,* 126 Ga. App. 31 (189 SE2d 919); *Maczko v. Employers Mutual &c. Ins. Co.,* 116 Ga. App. 247 (157 SE2d 44). Dr. Bennett testified in answer to hypothetical questions that in his opinion the claimant's thrombophlebitis could have been caused by the work injury, although it also could have been caused by a subsequent period of inactivity and bedrest in connection with a non-injury related hospitalization. Contrary to appellants' contentions, medical testimony that a given event *could* have precipitated the injury complained of is sufficient to authorize the fact finding tribunal to find that it did cause it, and will support an award of compensation (*Cox v. Employers Mut. &c. Ins. Co.,* 122 Ga. App. 659 (178 SE2d 287)), even though the evidence shows that the injury *could* have had a different cause (*Ocean Accident & Guarantee Corp. v. Bates,* 104 Ga. App. 621 (122 SE2d 305)).

It is true, as appellants' claim, that testimony of a "possible" cause will not support an award if in the context of the testimony that "possibility" is plainly speculative or far-fetched. See *Ladson Motor Co. v. Croft,* 212 Ga. 275 (92 SE2d 103); *Maczko v. Employers Mutual &c. Ins. Co.,* 116 Ga. App. 247 (157 SE2d 44); *Travelers Ins. Co. v. Boyer,* 102 Ga. App. 248 (116 SE2d 6); *Woodruff v. American Mutual &c. Ins. Co.,* 67 Ga. App. 554 (21 SE2d 298); *McDaniel v. Employers Mutual &c. Ins. Co.* 104 Ga. App. 340 (121 SE2d 801). The medical testimony in the present case shows a sufficiently strong "possibility" that the trauma caused the thrombophlebitis to overcome the rule in those cases. Dr. O'Quinn testified that trauma was frequently associated with thrombophlebitis. Dr. Bennett testified that the exact cause of thrombophlebitis was not known but that, except for drug-use-associated thrombophlebitis occurring mostly in recent years, the main apparent causes were trauma and bedrest, and that in claimant's case there was in his opinion a greater possibility that the trauma rather than the hospitalization caused it. Therefore, unless the testimony of Dr. Bennett is subject to objection, it is

sufficient to support the board's award of compensation.

Appellants seek on three grounds to undercut Dr. Bennett's testimony. First, they allege that the initial hypothetical question was erroneous because it asked the doctor to base his answer on the hearsay history given him by the claimant. Any error in this regard is moot for the reason that shortly thereafter the doctor was asked the following question: "Doctor . . . I asked you to assume she received a blow to the right leg in the area where she was having these difficulties on October the 9th, 1971; and assuming that following the blow there was some swelling in that area, do you have an opinion as to whether or not a blow to the leg could have caused the phlebitis in her leg?" Answer: "I think it's possible." Thus, the doctor gave his opinion that the injury could have caused the phlebitis without reference to the history recited by claimant. The second attack on the doctor's testimony alleges that the hypothetical question erroneously asked the doctor to assume that the blow occurred to the area of the leg in which the difficulties later manifested themselves. Appellants urge that the blow to the outside portion of the lower leg could not have caused the phlebitis because the pain of the phlebitis manifested itself as cramping in the posterior portions of the leg and thigh. This comes down to a question of whether "the area where she was having these difficulties" refers to the lower part of the right leg in its entirety, or only to the outer side of the lower part of the right leg, which is the construction contended for by appellants. We conclude that claimant's counsel and the doctor correctly referred to the entire lower leg as the area involved, and we reject appellants' assertion of error in this regard. The doctor testified that he believed the phelibitis to have occurred in "a deep vein" with "pain along the center of the calf where the vein runs." Since injury may occur to a deep vein from injury to the outer right portion of the leg, it is specious to argue that the claimant's current pain and difficulty, to be injury related, must be confined to the outer portion of the leg where the initial impact occurred. The third attack on Dr. Bennett's testimony urges that the hypothetical questions to which he responded omitted to mention that a subsequent period of hospitalization and bedrest occurred. This is thought important as an alternative possible causation. However, on cross examination the doctor was asked a hypothetical question incorporating the fact of the hospitalization and was asked if he could say whether the trauma or the hospitalization caused the

phlebitis, and his answer was "No." We conclude that the sum of the testimony given by the doctor was adequate to withstand appellants' objection. Medical opinion evidence should not be nullified so as to require reversal of the board's award merely for some slight looseness of statement in the question. See *Liberty Mut. Ins. Co. v. Meeks,* 81 Ga. App. 800 (60 SE2d 258).

Dr. Bennett's testimony is some evidence supporting the award on the issue of causation and the superior court erred in setting it aside and remanding it to the board. *Fox v. Hartford Accident & Indem. Co.,* supra. The deputy director's finding of fact on the issue of causation was not inadequate.

There was also evidence in the record supporting the board's implicit finding that the claimant's loss of use of the specific member involved was 100 percent under Code Ann. § 114-406. Accordingly, the superior court erred in remanding for the purpose of determining the percentage of loss of use.

The superior court directed that on remand the board make a definite and certain award of medical expenses incurred as of the hearing date. On oral argument and in her brief here, claimant offers to waive her claim for those expenses, and thus obviate the need for a remand for that purpose. Though appellants urge that such a waiver may not be made, we see no legal bar to it and claimant's voluntary waiver is effective.

The reason given by the superior court for remanding is not part of the judgment, and a remand order correct for any reason will be affirmed by us. *Turner v. Baggett Transportation Co.,* 128 Ga. App. 801, 806 (198 SE2d 412). However, the superior court's three reasons for remand having been shown by the foregoing to be erroneous, the judgment will be reversed and the superior court directed to reinstate the award of the board with the exception of that part that awards claimant pre-hearing medical expenses.

Appellants' numerous other enumerations of error attacking the remand order and the directions therein, having been hereby rendered moot, present nothing for decision.

Judgment reversed and remanded to the superior court with instructions to reinstate the award of the Board of Workmen's Compensation with the exception of so much of the award as granted claimant medical expenses prior to the hearing date.

*Judgment reversed with direction. Evans and Clark, JJ., concur.*

ARGUED NOVEMBER 6, 1973 — DECIDED JANUARY 17, 1974 — REHEARING DENIED FEBRUARY 11, 1974.

*Neely, Freeman & Hawkins, Andrew J. Hamilton,* for appellants.
*Van Gerpen & Bovis, Earl J. Van Gerpen, John V. Burch,* for appellee.

ON MOTION FOR REHEARING.

Appellants have filed a motion for rehearing accompanied by a lengthy and closely argued brief, the points in which we have carefully considered.

1. It is correct, as appellants urge on their motion, that Dr. Bennett predicated his conclusion that trauma and not bedrest caused claimant's thrombophlebitis upon his finding that "there was (sic) no obvious varicosities . . . " and it is also true that at one point he testified that varicosities could have been present and not have been observed by him because of swelling. However, he later testified that on the three visits claimant made to him, concerning her leg, on March 23, April 13 and April 26, (by the last of which visits a good bit of improvement had occurred) he found no varicosity of the right leg. Further, his finding that she had no "obvious" varicosities may be medically distinct from a finding of no varicosity—at least distinct in degree. Appellants urge in effect that we should ignore the word "obvious"; this we cannot do because it is in the record, and had appellants wanted it explained away they should have directed their cross examination of the doctor to that end.

2. Appellants assert that there is no evidence of any incidence of thrombophlebitis prior to Dr. Bennett's examination of claimant on March 23, 1971. But claimant's testimony is evidence, and she stated that her condition had remained the same since the injury, with throbbing and swelling in the leg. Dr. Bennett's testimony is also evidence, and he makes clear his own theory that his findings were consistent with a possible prior history of thrombophlebitis which periodically became active and then subsided.

3. Appellants argue that there is no specific evidence that the trauma to the right leg caused any damage to the deep veins. That is a point in issue in this case; it is to be established by medical evidence; and, as we have held, Dr. Bennett's testimony is some evidence. Dr. Bennett concluded that it was probable that the trauma caused the thrombophlebitis, and that the thrombophlebitis involved the deep veins.

*Motion for rehearing denied.*