## 51755. CARTER v. KANSAS CITY FIRE & MARINE INSURANCE COMPANY et al.

MARSHALL, Judge.

The question presented in this workmen's compensation case is whether the appellant's heart attack was a compensable injury under the Workmen's Compensation Act. Both the administrative law judge and the full board agreed on the facts:

"While at work on September 9, 1974, the claimant was trying to align a column which was over 14 feet high. The claimant had tied a rope to a column that was already set and was pulling extra hard to align the second column into a position where it would be plumb. The claimant's arms began hurting him, he became short of breath, and he experienced severe pain in his chest. Although it was a warm day, the claimant also became cold to the point that he attempted to warm himself by turning on the heater in his truck.

"The claimant left before completing his day's work but returned to the job the following day at which time he worked seven hours, but had to leave upon experiencing symptoms similar to those encountered on September 9. The claimant worked three hours on Wednesday, September 11, did not work on Thursday, September 12, worked eight hours on Friday, September 13, 1974, and one and one-half hours on Monday, September 16, 1974, which was his last day on the job. The claimant experienced similar symptoms each day he attempted to work after September 9, 1974.

"The claimant had suffered from high blood pressure since 1966 and had been given medication for the same but this condition was nondisabling insofar as his work as a carpenter was concerned.

"On September 10, 1974, the claimant went to John Bush, M. D. The claimant's main complaint was that he generally felt uncomfortable. At no time did the claimant specifically complain about chest pains nor did Dr. Bush's examination reveal any indication of a heart attack. He did complain about having had too much to drink. Dr. Bush treated him for 'being drunk.' By his own admission, the claimant drank about a half pint of vodka daily.

"On September 16, 1974, the claimant went to William Richard Snelling, M. D. At this time, the claimant complained of severe pain in both arms and his chest. On Dr. Snelling's advice, an electrocardiogram was taken on September 16, 1974, which revealed that the claimant had at some time sustained damage to his heart."

The administrative law judge and the board disagreed on whether claimant's heart condition was aggravated or caused by his job activities. The administrative law judge found that the claimant's exertion on September 9, 1974, "aggravated his pre-existing condition and was a contributing cause of the resulting disability and incapacity for labor." The full board, on the other hand, found that based on the testimony of Dr. Snelling, claimant had a pre-existing coronary disease which included a heart attack (myocardial infarction) suffered by claimant some time between 1966 and 1974. The board further found that based on this doctor's testimony, the pain (angina pectoris) which was brought on by claimant's exertion was merely a symptom of the coronary disease but that the exertion was not itself an aggravation of that condition. The board concluded: "In brief, he could not work because work produced pain, and thus he had already become disabled and merely discovered he was disabled when he attempted to work. He did not experience an accident which arose out of and in the course of his employment, either in the sense of directly producing a disability or by aggravation of a preexisting condition." The full board denied compensation and an appeal to the superior court was affirmed. *Held:*

Code Ann. § 114-102, as amended in Ga. L. 1963, pp. 141, 142 provides that the term "injury" and "personal

injury" under the Workmen's Compensation Act shall not include "heart disease, heart attack, the failure or occlusion of any of the coronary blood vessels, or thrombosis, unless it is shown by preponderance of competent and creditable evidence that it was attributable to the performance of the usual work of employment." It was therefore incumbent on claimant to show that the heart attack was attributable to his work. *Rivers v. Travelers Ins. Co.,* 93 Ga. App. 779 (92 SE2d 818). The claimant physician, Dr. Snelling, was asked, by means of a hypothetical question, whether the heart attack was caused by severe strain connected with his work activities. His opinion was that "he had had this trouble before he pulled on the column," meaning that he had had coronary artery disease before he experienced pain on the job. Dr. Snelling was further asked whether the exertion at work *could* have aggravated or precipitated his condition to which he responded, "very definitely."

That exertion on the job *could* have precipitated the heart attack does not show conclusively that it *did* cause the heart attack; it could have occurred at any other time. This doctor's opinion that work *could* have caused the heart attack merely left it to the fact-finder to determine whether *in fact* it *did* cause or aggravate the heart condition. See *McDaniel v. Employers Mut. Liab. Ins. Co.,* 104 Ga. App. 340, 342 (121 SE2d 801); *Woodruff v. American Mut. Liab. Ins. Co.,* 67 Ga. App. 554 (21 SE2d 298). This evidence, though sufficient to support a finding for claimant (see e. g., *Fox v. Liberty Mut. Ins. Co.,* 125 Ga. App. 285 (187 SE2d 305); *Cox v. Employers Mut. Liab. Ins. Co.,* 122 Ga. App. 659, 660 (178 SE2d 287); *Employers Ins. Co. of Ala. v. Brackett,* 114 Ga. App. 661 (152 SE2d 420)), does not demand such a finding.

It is always difficult in heart attack cases to draw the line between an injury to the heart that is caused by on-the-job exertion and an injury that pre-existed and merely manifested itself or became symptomatic during job exertion. "[I]t becomes a matter of semantics whether the disability is described as a symptom of the disease or a disability to which the exertion was a contributing precipitating factor. It may well be both. The fact-finding

body must in this event remain the final arbiter of the compensability of the attack, and of whether the disability arose out of the employment as well as in the course of it." *Cox v. Employers Mut. Liab. Ins. Co.,* 122 Ga. App. 659, 660, supra. The fact-finder may rely on several different forms of evidence in such cases to establish whether there is a causal connection between the employment activities and the heart attack: medical opinion, lay observations and opinion, and "the natural inference through human experience." See *McDaniel v. Employers Mut. Liab. Ins. Co.,* 104 Ga. App. 340 (2), supra. See also dissent in *Brown Transport v. Jenkins,* 129 Ga. App. 457, 463 (199 SE2d 910). While all three of these factors in this case could point to a conclusion that the claimant's exertion precipitated his heart attack, the fact-finder was not required to reach that conclusion. The process is one of weighing the facts, and even if the facts could support a conclusion either way, the duty of the reviewing court is not to *reweigh* the facts, but to search the record for any evidence to support the conclusion reached below. There is evidence in the record in the form of Dr. Snelling's opinion that the heart attack was the result of an on-going progressive coronary disease. There is no question that heart disease, even though painful on the job, is not a compensable injury under the statute. See *Employers Ins. Co. of Ala. v. Brackett,* 114 Ga. App. 661, supra; *Gurin v. Bituminous Cas. Co.,* 107 Ga. App. 823 (131 SE2d 566); *Johnston v. Boston-Old Colony Ins. Co.,* 106 Ga. App. 410 (126 SE2d 919). The findings and conclusions of the full board supersede those of the administrative law judge (*Liberty Mut. Ins. Co. v. Williams,* 129 Ga. App. 354 (3) (199 SE2d 673)), and we are required under the "any evidence" rule to uphold those findings and conclusions in this case.

*Judgment affirmed. Deen, P. J., Clark and Stolz, JJ., concur. Bell, C. J., and Quillian, J., concur specially. Pannell, P. J., Evans and Webb, JJ., dissent.*

ARGUED FEBRUARY 3, 1976 — DECIDED APRIL 15, 1976 — REHEARING DENIED MAY 12, 1976 —

*L. B. Kent,* for appellant.
*Swift, Currie, McGhee & Hiers, Richard S. Howell,
W. Wray Eckl,* for appellees.

QUILLIAN, Judge, concurring specially.

I am constrained to concur because of the any evidence rule.

I am authorized to state that Chief Judge Bell concurs in this special concurrence.

EVANS, Judge, dissenting.

Claimant was a carpenter. While at work on September 9, 1974, he was trying to pull a column into a position where it would be plumb. In seeking the alignment of the column he had to pull unusually hard, and he began to have pains in his arms, shortness of breath, and severe pain in his chest. His pain was sufficient to require him to stop work. He experienced the same symptoms the next day after working only 7 hours, and after 3 hours he experienced pain on September 11, with a history of similar experiences until September 16, 1974, his last day on the job.

He filed a claim for workmen's compensation. He testified he had no knowledge of any heart condition or any physical infirmity until the occasion above-mentioned on September 9. However, there was medical testimony that he had a history of blood pressure, which was not disabling. An electrocardiogram taken on September 16, 1974, revealed he had substantial damage to his heart.

The deputy director rendered his findings of fact and found that "his exertion on September 9, 1974, aggravated his pre-existing condition and was a contributing cause of the resulting disability and incapacity for labor"; that claimant did sustain an injury by accident arising out of and in the course of his employment and he made an award to the effect that he was totally incapacitated for work as a result thereof.

The employer-insurer appealed to the full board, and upon a de novo consideration of the evidence, that board found generally as the deputy director had, but then added that "the claimant may very well have sustained

the severe pain he described on September 9, 1974, without in any way aggravating his pre-existing condition . . ., and . . . merely experienced the symptoms of a pre-existing coronary disease which had then progressed to the point where exertion would produce disabling pain, but this pre-existing condition was in no way aggravated by the exertion." The full board then denied compensation.

Whereupon the claimant appealed to the superior court, but died before a hearing was held. On substitution of his executrix, the court affirmed the award of the full board. The executrix appeals.

1. In order to show that an injury is precipitated while on the job by exertion of the employee, and while in the course of his employment, it is only required that it be shown that the work engaged in was sufficiently strenuous or of such nature, combined with other factors in the case as to raise the natural inferences through human experience that the exertion resulted in the precipitation. *Hoffman v. Nat. Surety Corp.,* 91 Ga. App. 414 (85 SE2d 784); *J. D. Jewell, Inc. v. Peck,* 116 Ga. App. 405 (157 SE2d 806); *Cabin Crafts, Inc. v. Pelfrey,* 119 Ga. App. 809 (168 SE2d 660); *Brown Transport Corp. v. Jenkins,* 129 Ga. App. 457, 459 (2) (199 SE2d 910).

2. An award of the board of workmen's compensation must be supported by findings of fact based on evidence, and if the findings of fact are erroneous, the case should be re-committed to the board for further consideration. *Knight v. Fulton Industries,* 123 Ga. App. 538, 540 (181 SE2d 691), and cits.

3. The sole difference between the findings of the deputy director and that of the full board is that of aggravation of a pre-existing condition, as opposed to a finding by the board that his activity in no way aggravated his pre-existing condition. All other findings of fact of both are the same. But there is no evidence upon which the board can support its conclusion that there was no aggravation of the pre-existing condition. The lay testimony shows clearly that this claimant had no knowledge of a pre-existing condition until he suffered injury in exerting himself on the job. Neither of the two experts who testified ever stated that there was no

aggravation of the pre-existing condition. On the contrary, Dr. Snelling, although being of the opinion that he had this trouble before he pulled on the column, testified to the question as to whether it could have been aggravated or precipitated, and his answer was "very definitely."

4. But the full board misconstrued Dr. Snelling's testimony and found that "based on this doctor's testimony . . . the exertion was not itself an aggravation of that condition." See majority opinion, p. 602. In citing this testimony as its reason for finding the injury did not arise out of and in the course of his employment by reason of aggravation, the board is in error. I therefore would reverse and remand for further consideration by the board. I therefore dissent. See in this connection the recent case of *Williams v. Morrison Assur. Co.,* 138 Ga. App. 191 (1), and cits., such as *Fidelity &c. Co. of N. Y. v. Hodges,* 108 Ga. App. 474 (1) (133 SE2d 406); *Barbree v. Shelby Mut. Ins. Co.,* 105 Ga. App. 186 (123 SE2d 905); *Miller v. Travelers Ins. Co.,* 111 Ga. App. 245, 248 (141 SE2d 223).

I am authorized to state that Presiding Judge Pannell and Judge Webb concur in this dissent.