## 53872. HOME INDEMNITY COMPANY et al. v. GUYE.

BELL, Chief Judge.

This is an appeal in a Workmen's Compensation case. The evidence was limited to claimant's testimony and to two medical reports. Claimant testified that for several years he had experienced chest pains following excessive smoking or exertion; that on January 22, 1976, shortly after reporting for work, he began to have chest pains and nausea. About an hour later he assisted two other men in moving some heavy light poles and the pain in his chest increased. At noon he went to see a doctor. He was hospitalized. On discharge from the hospital on February 3, 1976, the author physician of claimant's medical report made a final diagnosis of "arteriosclerotic heart disease with acute subendocardial infarction, Class IIB." Claimant thereafter went to the Riverside Clinic in Jacksonville, Florida for another examination. The medical report from this clinic contains the following: "Impression 1. Recent chest pain and diagnosis of 'heart attack', etiology uncertain." There is nothing in either medical report which shows a causal connection between the claimant's heart condition and his job and the record is otherwise silent on this question.

The administrative law judge found an accidental injury to claimant's heart arising out of and in the course of his employment and claimant was awarded compensation. On appeal, the full board adopted those findings "except as inconsistent" with its own; and found, inter alia: "m. Based on the fact that claimant was required to lift heavy poles, that he suffered constantly worsening chest pain throughout the morning of January 22, 1976, that he requested to see a doctor, that he finally had to see a doctor and was immediately sent to a hospital, and that his lifting of heavy poles throughout the morning was physically strenuous, the board finds that the duties of his employment contributed to his subendocardial infarction, Class 2-B." A substituted award in claimant's favor was then made. On review the award of the full board was affirmed by the superior court. *Held:*

Code § 114-102 provides in pertinent part: ". . . nor

shall 'injury' and 'personal injury' include heart disease, heart attack, the failure or occlusion of any of the coronary blood vessels, or thrombosis, unless it is shown by preponderance of competent and credible evidence that it was attributable to the performance of the usual work of employment . . ." Claimant only shows that he has a heart condition. He did not show that subendocardial infarction Class 2-B was attributable to his employment. There is no evidence nor is there any inference that can be drawn therefrom that the lifting of the heavy poles or any other work-related activity of claimant caused his heart injury. Consequently, the award of compensation is without evidence to support it. The judgment of the superior court is reversed.

*Judgment reversed. Webb, Smith and Shulman, JJ., concur. Birdsong, J., concurs in the judgment only. Deen, P. J., Quillian, P. J., McMurray and Banke, JJ., dissent.*

SUBMITTED MAY 2, 1977 — DECIDED SEPTEMBER 7, 1977 — REHEARING DENIED OCTOBER 13, 1977 — ▮▮▮▮▮▮▮

*Swift, Currie, McGhee & Hiers, James B. Hiers, Jr.,* for appellants.
*Rudolph J. Chambless, Jack J. Helms,* for appellee.

BIRDSONG, Judge, concurring in the judgment only.

I concur in the judgment of reversal in this case but I am constrained to base my reversal upon a more restricted basis than that advanced by my brothers in the majority. It is noted in the majority opinion that claimant related that he had experienced chest pains for several years following excessive smoking or exertion. I would give little or no weight to that evidence inasmuch as the unrebutted evidence shows that claimant attributed those pains to certain polyps that had been surgically removed prior to the "heart attack" which occurred on January 22, 1976.

Of greater significance is the statement in the majority opinion that there is no evidence, nor is there any inference that can be drawn from the lifting of the heavy poles or that any other work-related activity of claimant

caused his heart injury. I must respectfully disagree with this conclusion. It is always difficult in heart attack cases to draw the line between an injury to the heart that is caused by on-the-job exertion and an injury that pre-existed and merely manifested itself or became symptomatic during job exertion. "It becomes a matter of semantics whether the disability is described as a symptom of the disease or a disability to which the exertion was a contributing precipitating factor. It may well be both. The fact-finding body must in this event remain the final arbiter of the compensability of the attack, and of whether the disability arose out of the employment as well as in the course of it." *Cox v. Employers Mut. Liab. Ins. Co.,* 122 Ga. App. 659, 660 (178 SE2d 287) (1970). The fact-finder may rely on several different forms of evidence in such cases to establish whether there is a causal connection between the employment activities and the heart attack; medical opinion; lay observations and opinion; and the natural inference through human experience. *Carter v. Kansas City Fire &c. Ins. Co.,* 138 Ga. App. 601 (226 SE2d 755) (1976). See *McDaniel v. Employers Mut. Liab. Ins. Co.,* 104 Ga. App. 340 (2) (121 SE2d 801) (1961).

It is beyond peradventure that within the realm of common knowledge of our modern society, the fact of heavy manual labor gives rise to a natural inference that the performance of such labor by one suffering from a "heart condition" may well indeed bring on a "heart attack." The administrative law judge, the full body of the State Board of Workmen's Compensation and the superior court were all persuaded that there was sufficient evidence to show a compensable injury caused by heavy on-the-job exertion by claimant. That finding clearly was supported by some evidence. Were we bound by the "any evidence" test for sufficiency of evidence, I would feel compelled to vote for affirmance. However, in view of the provisions of Code § 114-102, I believe reversal is required because the claimant did not show by a preponderance of the medical evidence that his "heart attack" was the product of his employment labors. It is my opinion that in regard to questions of injury resulting from existing disease in any form, wilful act of a third

person of a personal nature, heart disease, heart attack, the failure or occlusion of any of the coronary blood vessels, or thrombosis, the claimant must show by a preponderance of competent evidence that the injury was attributable to the performance of the usual work of employment. More stringent rules apply to alcoholic and drug-related injuries, but are of no concern here.

Ordinarily we will look only to see if the claimant was engaged in the usual course of his employment and was injured while so employed. If there is any evidence to support the finding of the fact-finder, we are obligated to support that finding. However, in my opinion, the purpose of Code § 114-102 was to add the requirement that if the conditions enumerated therein existed, the claimant would be obligated to prove by a preponderance of creditable evidence that the injury was attributable to his employment and not to the diseased condition. Any other conclusion would result in Code § 114-102 reaffirming the "any evidence" rule and necessarily make its passage a meaningless and nugatory act. Therefore, it was not sufficient for claimant to show that the "heart attack" might have resulted from strenuous manual labor but he was required to show by a preponderance of medical evidence that the heart attack was attributable to the performance of the usual work of employment to the probable exclusion of causation by the disease alone. In this case there is no evidence at all showing the etiology of claimant's injury. It could have been caused by disease or from work. In the absence of such a showing, claimant failed to establish his claim by a preponderance of evidence. Accordingly, I concur in the judgment of reversal.

QUILLIAN, Presiding Judge, dissenting.

I dissent from the majority opinion because of that which was held in *Williams v. Maryland Cas. Co.*, 67 Ga. App. 649 (21 SE2d 478); *Travelers Ins. Co. v. Young*, 77 Ga. App. 512 (48 SE2d 748); and *Thomas v. U. S. Cas. Co.*, 218 Ga. 493 (128 SE2d 749).

McMURRAY, Judge, dissenting.

This is a heart attack case in which the majority

reverse the judgment of the superior court which affirmed the findings of the State Board of Workmen's Compensation and the administrative law judge both rendering an opinion that an accidental injury occurred to claimant's heart while performing strenuous work; thus the injury arose out of and in the course of his employment. The majority contend that the claimant only showed that he had a heart condition and that there was no evidence or inference that the strenuous work he was performing on the morning that his attack occurred caused his heart injury. I disagree.

It is my opinion that even where there is no expert opinion to the effect that the exertion contributed to the attack that "knowledge from human experience, including medical caution against exertion in such cases and the admitted opinion of experts that exertion might contribute to such an attack" is sufficient to authorize a finding that where there is strenuous exertion and the claimant testifies as to the pain and suffering and disability arising therefrom this is sufficient to satisfy the so-called any evidence rule, and the board of workmen's compensation should not be reversed in this case. See in this connection *Hartford Acc. &c. Co. v. Waters,* 87 Ga. App. 117 (73 SE2d 70) (performance of exertion while on the job contributed to cerebral hemorrhage causing death). Also such cases as *Travelers Ins. Co. v. Young,* 77 Ga. App. 512 (48 SE2d 748) (strenuous work was in fighting a forest fire, diagnosis of "heart failure or coronary thrombosis" causing death); *Hardware Mut. Cas. Co. v. Sprayberry,* 195 Ga. 393 (1) (24 SE2d 315) (hernia suddenly appearing following accident sustained during work); *Lumbermen's Mut. Cas. Co. v. Griggs,* 190 Ga. 277 (9 SE2d 84) (employee suffered a stroke after assisting in the unloading of 600 sacks of cement weighing 94 pounds each); *Fidelity & Casualty Co. v. Adams,* 70 Ga. App. 297 (28 SE2d 79) (death following heat stroke after labor in mining kaolin); *Thomas v. U. S. Cas. Co.,* 218 Ga. 493 (128 SE2d 749) (weakness and pain shown to occur immediately after exertion, need of medical attention followed by death); *J. D. Jewell, Inc. v. Peck,* 116 Ga. App. 405 (157 SE2d 806) (employee suffering from hypertension but working a 70-hour week, suffered a coronary occlusion and died).

The evidence here as shown by the testimony of the claimant was that he had a heart attack or other sudden seizure experienced while he was physically exerting himself in the course of his employment. It has never been essential to the validity of an award that the exertion be greater than that customarily employed by the employee in the course of his employment. *Lumbermen's Mut. Cas. Co. v. Griggs,* 190 Ga. 277, supra. See also *Hardware Mut. Cas. Co. v. Sprayberry,* 195 Ga. 393, supra; *Williams v. Maryland Cas. Co.,* 67 Ga. App. 649 (21 SE2d 478); *Lumbermen's Mut. Cas. Co. v. Bridges,* 81 Ga. App. 395, 404 (58 SE2d 849).

The claimant, an electrician, testified: The first thing after arriving for work that morning he was told to run two hot water lines and he was physically bending water pipe to accomplish this task. He and other employees were required to move "by hand" electrical poles approximately 50 to 60 feet long and weighing approximately 700 pounds each. He had severe pain in his chest just prior to moving the poles and he mentioned this to the job superintendent and another employee. Three or four times during the course of the morning he asked the job superintendent, who was leaving the job site on each occasion, to take him to the doctor but the job superintendent "didn't do it."

At noon he saw a doctor and then entered the hospital where he remained from "1/22/76 to 2/3/76" with diagnosis of "arteriosclerotic heart disease with acute subendocardial infarction, Class II B." The findings of the board, which elaborated somewhat on the findings of the administrative law judge, was that the claimant was required to lift heavy poles, suffered constantly worsening chest pain throughout the morning of January 22, 1976, requested to see a doctor and when he was allowed to see a doctor was immediately sent to a hospital; his lifting of heavy poles throughout the morning was physically strenuous, and "the duties of his employment contributed to his subendocardial infarction, Class II-B." It is my opinion that the board's findings were based on evidence and findings that the work-related activity of the claimant caused his heart injury. Neither this court nor the trial court is authorized to substitute itself as a fact

finding body in lieu of the State Board of Workmen's Compensation. *Employers Ins. Co. v. Amerson,* 109 Ga. App. 275 (136 SE2d 12); *Lockhart v. Liberty Mut. Ins. Co.,* 141 Ga. App. 476, 478 (1) (233 SE2d 810).

"Moreover, on appeal from an award of the State Board of Workmen's Compensation, the evidence will be construed in a light most favorable to the party prevailing before the board." *Walker v. Continental Ins. Co.,* 142 Ga. App. 115, 119 (235 SE2d 389); *Fulmer v. Aetna Cas. &c. Co.,* 85 Ga. App. 102 (68 SE2d 180).

I therefore respectfully dissent as I would affirm the lower court.

I am authorized to state that Presiding Judge Deen and Judge Banke join in this dissent.