56732. EMPLOYEES MUTUAL LIABILITY INSURANCE COMPANY et al. v. BENNETT.

QUILLIAN, Presiding Judge.
This is an appeal of a judgment of the superior court which reversed an award of the State Board of Workers' Compensation which denied compensation holding that the deceased's work was not the proximate cause of his heart attack. *Held:*

In *Brown Transport Corp. v. Blanchard,* 126 Ga. App. 333 (190 SE2d 625) it was held: "Code § 114-102 was amended by Ga. L. 1963, pp. 141, 142 to state: '... nor shall "injury" and "personal injury" include heart disease, heart attack, the failure or occlusion of any of the coronary blood vessels, or thrombosis, unless it is shown by a preponderance of competent and creditable evidence that it was attributable to the performance of the usual work of employment.' A deputy director hearing a workmen's compensation claim must initially determine, where it appears that an employee has a heart attack and dies in the course of his employment, whether the attack also arises out of it — that is, whether the evidence points to the performance of the work as a contributing proximate cause. *Employers Mut. Liab. Ins. Co. v. Videtto,* 124 Ga. App. 458 (184 SE2d 210). And where he concludes either way, if there is any evidence to support the finding, it cannot be set aside on appeal. *Hansard v. Ga. Power Co.,*

105 Ga. App. 486 (124 SE2d 926)."

In *Carter v. Kansas City Fire &c. Co.,* 138 Ga. App. 601, 603 (226 SE2d 755) it is stated: "It is always difficult in heart attack cases to draw the line between an injury to the heart that is caused by on-the-job exertion and an injury that pre-existed and merely manifested itself or became symptomatic during job exertion. '[I]t becomes a matter of semantics whether the disability is described as a symptom of the disease or a disability to which the exertion was a contributing precipitating factor. It may well be both. The fact-finding body must in this event remain the final arbiter of the compensability of the attack, and of whether the disability arose out of the employment as well as in the course of it.' *Cox v. Employers Mut. Liab. Ins. Co.,* 122 Ga. App. 659, 660, supra. The fact-finder may rely on several different forms of evidence in such cases to establish whether there is a causal connection between the employment activities and the heart attack: medical opinion, lay observations and opinion, and 'the natural inference through human experience.' See *McDaniel v. Employers Mut. Liab. Ins. Co.,* 104 Ga. App. 340 (2), supra. See also dissent in *Brown Transport v. Jenkins,* 129 Ga. App. 457, 463 (199 SE2d 910). While all three of these factors in this case could point to a conclusion that the claimant's exertion precipitated his heart attack, the fact-finder was not required to reach that conclusion. The process is one of weighing the facts, and even if the facts could support a conclusion either way, the duty of the reviewing court is not to *reweigh* the facts, but to search the record for any evidence to support the conclusion reached below."

While the evidence in this case might have authorized finding that the deceased employee's work was the proximate cause of his heart attack, it did not demand such a finding. Therefore, there being evidence to support the award of the State Board of Workers' Compensation it was error to reverse the award.

*Judgment reversed. Webb, J., concurs. McMurray, J., concurs in the judgment only.*

ARGUED OCTOBER 17, 1978 — DECIDED NOVEMBER 14, 1978.

*Swift, Currie, McGhee & Hiers, Robert R. Potter, Glover McGhee,* for appellants.
*Fredericks, Jones & Wilbur, Jimmy W. Jones,* for appellee.