## 66685. DIERS v. HOUSE OF HINES, INC.

BANKE, Judge.

We granted the claimant's application for discretionary appeal to review an order of the superior court reversing an award in his favor by the Board of Workers' Compensation. The board had reversed the administrative law judge's denial of his claim for compensation. The following language quoted from the trial court's order presents the primary legal proposition before us: "The evidence before the court would support the findings of either the administrative law judge or the full board. It is the opinion of this court that there is some evidence to sustain the findings of either forum. However, it is the opinion of this court that there being evidence that would sustain either viewpoint, the ruling of the administrative law judge should not be disturbed, since the matter depends upon the credibility of the witnesses." *Held:*

1. "Under numerous decisions of this court, an award of the Workman's Compensation Board will not be disturbed where there is any evidence to support it. The weight and credit to be given the testimony of the witnesses, and the conflicts in the evidence, are matters for determination by the board." *Wilson v. Aragon Mills,* 110 Ga. App. 392, 393 (138 SE2d 596) (1964). "The findings and conclusions of the full board supersede those of the administrative law judge. *(Liberty Mut. Ins. Co. v. Williams,* 129 Ga. App. 354 (3) (199 SE2d 673)), and we are required under the 'any evidence' rule to uphold those findings and conclusions." *Carter v. Kansas City Fire &c. Co.,* 138 Ga. App. 601, 604 (226 SE2d 755) (1976). Thus, the trial court erred in substituting its own assessment of the evidence for that of the board.

2. The trial court also erred in concluding that the award of compensation to the appellant was invalid because it is "open-ended . . . although [the claimant's] job is and has been available to her . . ." This finding apparently overlooks the administrative law judge's finding, approved by the full board, that appellant's injury prevents her from performing the duties required in her former position. There was evidence that the claimant had looked for employment she would be able to perform but had been unsuccessful. Under these circumstances, the board was authorized to conclude that she was entitled to compensation for total disability. See *F. & G. Ins. Underwriters v. Raines,* 147 Ga. App. 675 (1) (250 SE2d 58) (1978). Compensation for total disability is necessarily open-ended according to the terms of the statute, which sets no ceiling on the number of weeks such benefits may be required to be paid. See OCGA § 34-9-261 (Code Ann. § 114-404). Such an award is, however, subject

to modification on the application of either party based on change in condition. See OCGA § 34-9-104 (Code Ann. § 114-709).
*Judgment reversed. Deen, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 16, 1983 —
REHEARING DENIED OCTOBER 4, 1983 — 

*John D. Carey,* for appellant.
*George N. Skene,* for appellee.