## 48758. KAISER v. GREAT AMERICAN INSURANCE COMPANY et al.

HALL, Presiding Judge. This is a workmen's compensation case here on appeal from the order of the superior court affirming the award of the full board denying compensation. The evidence showed that claimant's pertinent medical condition was diagnosed as congestive heart failure; that the discomfort which produced the examination and diagnosis first manifested itself after claimant's evening meal and dessert at home following his day's work as an apartment maintenance worker; that congestive heart failure is not traumatic but is a progressive disease; and that claimant's work was unrelated to the disease. It was within the province of the board in making determinations of fact not to credit claimant's self-contradictory testimony to the effect that he felt chest pains during work on the day when he subsequently became ill. The record fails to show by other than his testimony that he told anyone at work about this at the time. The board was authorized by the evidence to find that, under the governing authority of Code Ann. § 114-102, there was no preponderance of competent and creditable evidence that claimant's heart disease was attributable to the performance of the *usual* work of employment. There was no evidence presented of unusual work exertion which, under some of the medical evidence, could have been an aggravating event. The board was authorized to deny compensation. Claimant's argument that the board applied an incorrect theory of law, namely, that this claim would not be compensable unless there was a showing of unusual exertion, is founded upon a mere misconstruction of the thrust of the board's award. Neither *Cox v. Employers Mut. Liab. Ins. Co.*, 122 Ga. App. 659 (178 SE2d 287), nor *Sears, Roebuck & Co. v. Poole*, 112 Ga. App. 527 (145 SE2d 615), is authority for reversal, as both cases involved on-the-job heart attacks shown by medical evidence to have been actually or possibly precipitated by or contributed to by the work then being done. *Judgment affirmed. Clark, J., concurs. Evans, J., concurs specially.* SUBMITTED NOVEMBER 7, 1973 — DECIDED JANUARY 24, 1974.

*Martin, Skinner, Adkins & Horton, William L. Skinner,* for appellant.
*Charles L. Drew,* for appellees.

Evans, Judge, concurring specially. I reluctantly concur in the judgment affirming the trial court. In my opinion the evidence militated strongly towards a finding that claimant's heart seizure was attributable to an injury, arising out of, in the course of, and because of his employment, and was, therefore, compensable. This is what was decided by the deputy director. However, it must be conceded that there was some evidence to the contrary, and the Workmen's Compensation Board, as arbiter of the facts, had the right to believe that evidence, and to reverse its deputy director, which it did.

The superior court affirms the full board's finding, and I concur in the majority opinion, which affirms the superior court.