## 33117. GUYE v. HOME INDEMNITY COMPANY et al.

HILL, Justice.

We granted certiorari in this workmen's compensation case to consider whether, without medical evidence as to causation, any inference may be drawn as to the cause of a heart attack from the fact that an employee suddenly suffers such an attack while performing strenuous manual labor, and whether such inference, if any, satisfies the evidentiary standard set forth in the 1963 amendment to Code Ann. § 114-102 (Ga. L. 1963, pp. 141, 142). The Court of Appeals divided four, one, four on this issue. *Home Indem. Co. v. Guye,* 143 Ga. App. 494 (238 SE2d 549) (1977).

The undisputed evidence before the State Board of Workmen's Compensation showed that for several years the claimant, an electrician, had experienced chest pains following excessive exertion or smoking; that he had no chest pain when he left home on the day in question; that he first dug a ditch and bent pipe to install a water line; that about an hour after arriving at work he began to have chest pains; that his next job required him to assist in lifting poles weighing up to 250 pounds; that his chest pains increased; that he requested his foreman to take him to a doctor but was not taken; that during the lunch hour he was taken to a doctor; and that the doctor immediately hospitalized him. A medical report introduced into evidence established that the claimant

had an arteriosclerotic heart disease with acute sub-endocardial infarction, class II-B, but the report was silent as to any causal relationship between the claimant's work activities and his heart injury. A subsequent medical report was also silent as to causation; it stated: "Impression 1. Recent chest pain and diagnosis of 'heart attack,' etiology uncertain." Neither side offered medical testimony as to causation.

The administrative law judge found that the claimant had sustained an accidental injury to his heart arising out of and in the course of his employment. The board of workmen's compensation agreed and the superior court affirmed the award of compensation. The majority of the Court of Appeals concluded that under the 1963 amendment to Code Ann. § 114-102 there was not sufficient evidence or an allowable inference that the claimant's work activities caused his heart injury and reversed the judgment of the superior court.

Code Ann. § 114-102, as amended in Ga. L. 1963, pp. 141, 142, provides that "injury" and "personal injury" under the Workmen's Compensation Act shall not include "heart disease, heart attack, the failure or occlusion of any of the coronary blood vessels, or thrombosis, unless it is shown by preponderance of competent and creditable evidence that it was attributable to the performance of the usual work of employment."

As shown by the indexes to the decisions of the Court of Appeals, there were numerous "heart attack comp cases" in the late 1950's and early '60's being appealed upon the ground of alleged insufficiency of the evidence. At the 1961 session of the General Assembly, legislation on this subject was introduced (H. B. 228) but it was not acted upon that year and it failed after three conference committee attempts in 1962. See the Journal of the House of Representatives, 1962, pp. 599-601, 2329-2331. In *U. S. Cas. Co. v. Thomas,* 106 Ga. App. 441 (127 SE2d 169) (1962), in an opinion by the late Judge Eberhardt, the Court of Appeals reversed the director's award of workmen's compensation, after finding that the three doctors who testified agreed that the claimant's exertion did not cause his coronary occlusion. This court reversed in *Thomas v. U. S. Cas. Co.,* 218 Ga. 493 (128 SE2d 749)

(1962), holding that the testimony of a nonexpert witness who observed the deceased claimant at work and then in pain created an issue of fact as to causation, that proof of such facts by competent evidence shifts the "burden of evidence" to the employer, and that the director's award would be sustained where there was a conflict in the evidence as between the inference arising from the nonexpert's eyewitness testimony and the medical witnesses who testified that although the claimant's activity may have caused his heart attack, in their opinions it did not.

At this point the 1963 amendment (S. B. 31) was introduced and passed. However, that amendment followed the "preponderance of competent and creditable evidence" language of its predecessor (H. B. 228 from the 1961-62 sessions of the General Assembly) and hence that language cannot be said to have been chosen so as to affirm or reverse either of the *Thomas* cases, supra.

Competent evidence is that which is admissible. Code Ann. § 38-102. Creditable evidence is that which is believed. Questions as to creditability and preponderance address themselves to the trier of facts. Code §§ 38-107, 38-1805, 38-1806. On appeal, the appellate tribunal does not determine the credibility of witnesses or the preponderance of the evidence. The appellate tribunal utilizes the "any evidence" test, a test not available to the trier of facts in deciding disputed factual issues. Thus, it is clear that, whatever the effect of the 1963 amendment, its impact was primarily if not exclusively directed to the trier of fact in workmen's compensation cases.

It is well recognized in "heart attack" cases that it is often difficult for the trier of fact to find the line between a noncompensable heart injury that is a sympton of an existing disease merely manifested during job exertion, and a compensable heart injury to which the job exertion was a contributing precipitating factor. *Carter v. Kansas City Fire &c. Ins. Co.,* 138 Ga. App. 601, 603 (226 SE2d 755) (1976); *Cox v. Employers Mut. Liab. Ins. Co.,* 122 Ga. App. 659, 660 (178 SE2d 287) (1970); *McDaniel v. Employers Mut. &c. Ins. Co.,* 104 Ga. App. 340 (2) (121 SE2d 801) (1961); *Hartford Acc. &c. Co. v. Waters,* 87 Ga. App. 117 (73 SE2d 70) (1952). The generalized and

complex nature of a heart injury may prevent causation from being conclusively attributed to the work performed. In determining whether claimant's job activities caused or contributed to his heart injury, it has been said that the fact finder may rely on different forms of evidence, including medical opinion or "the natural inference through human experience." *Carter v. Kansas City Fire &c. Ins. Co.,* supra, p. 604.

The basic issue in this case, the issue over which the Court of Appeals divided, is whether the "natural inference through human experience" will suffice to show causation in "heart attack comp cases." The insurance company contends that with the enactment of the 1963 amendment, the "natural inference" alone cannot be utilized to establish a causal connection between strenuous exertion and the heart injury. The natural inference rule was explained in the pre-1963 decision in *Hoffman v. National Surety Corp.,* 91 Ga. App. 414 (85 SE2d 784) (1955): "[T]he evidence must show the work engaged in by the employee to have been sufficiently strenuous or of such a nature that, combined with the other facts of the case, it raises a natural inference through human experience that the exertion contributed toward the precipitation of the attack. . ."

The 1963 amendment did not address itself to the forms of evidence (medical or lay opinion, direct or circumstantial evidence, presumption or inference, etc.) required to support a claim for compensation in heart injury cases, and clearly it did not expressly disallow awards based on the natural inference in such cases. Thus, the question becomes, did the 1963 amendment impliedly disallow awards in heart attack cases based on the "natural inference from human experience."

Code Ann. § 38-102 provides in part: "Presumptive evidence consists of inferences drawn by human experience from the connection of cause and effect, and observations of human conduct." See also Code Ann. § 38-113. Code Ann. § 38-123 provides that the trier may infer the existence of other facts reasonably and logically consequent on those proved. The "natural inference from human experience" in heart attack comp cases is simply a specific application of the presumption recognized and

made available for use by the trier in the above Code sections.

For this court to find that the 1963 Act impliedly disallowed workmen's comp awards in heart attack cases based on the natural inference would be a finding that the 1963 Act impliedly repealed the above cited Code sections in heart attack comp cases. Implied repeals are not favored; they result only where the conflict between the two acts is clear and they cannot be reconciled. *Morris v. City Council of Augusta,* 201 Ga. 666, 672 (40 SE2d 710) (1946); *Murphy v. West,* 205 Ga. 116 (2) (52 SE2d 600) (1949). In the case before us it is not clear that the 1963 Act rendered presumptions unavailable to the trier of fact in heart attack comp cases and there is no irreconcilable conflict. We therefore reverse the Court of Appeals in the case sub judice and adopt the reasoning underlying the following cases: *Sears, Roebuck & Co. v. Poole,* 112 Ga. App. 527 (2) (145 SE2d 615) (1965), which was the first appellate decision construing the 1963 amendment; *Burson v. Howell,* 112 Ga. App. 675 (145 SE2d 718) (1965); *Fulton Industries v. Knight,* 127 Ga. App. 604 (1) (194 SE2d 346) (1972); *City Council of Augusta v. Williams,* 137 Ga. App. 177 (1) (223 SE2d 227) (1976); *Carter v. Kansas City Fire &c. Ins. Co.,* supra.

Of course, the fact that an employee suffered a heart attack while working for his employer does not, by itself, require a finding that the injury was caused or precipitated by his work activities. *Hansard v. Ga. Power Co.,* 105 Ga. App. 486 (124 SE2d 926) (1962). We are not called upon in this case to decide whether the natural inference can prevail in a case where there is uncontradicted medical opinion that the employee's work did not cause or contribute to his heart injury.[1] We hold here only that the "natural inference from human experience" constitutes competent, creditable evidence as to causation sufficient to be found to satisfy the preponderance of the evidence requirement of Code Ann. § 114-102, as amended in Ga. L. 1963, pp. 141, 142, where there is no medical testimony to the contrary.

---

[1] Thus, we are not called upon in this case to decide

The administrative law judge and the board of workmen's compensation were authorized to and did determine that the performance of claimant's work activities precipitated or contributed to his heart injury in this case. The question of preponderance of the evidence is a matter resting with the trier of facts and where the trier finds either way, it will not be set aside on appeal if there is any evidence to support the finding. *Sears, Roebuck & Co. v. Poole,* supra; *Carter v. Kansas City Fire &c. Ins. Co.,* supra. There being competent and creditable evidence to support the award of compensation, the Court of Appeals erred in setting it aside.

*Judgment reversed. All the Justices concur.*

ARGUED MARCH 13, 1978 — DECIDED APRIL 18, 1978.

*Rudolph Chambless, Jack J. Helms,* for appellant.
*Swift, Currie, McGhee & Hiers, James B. Hiers, Clifford E. Hardwick, IV,* for appellee.

whether *Thomas v. U. S. Cas. Co.,* 218 Ga. 493, supra, remained in effect after the 1963 amendment.