## 56499. INSURANCE COMPANY OF NORTH AMERICA et al. v. FORSYTH.

McMURRAY, Judge.

This is a workmen's compensation case resulting from the death of claimant's husband after he had sustained a heart attack while on the job and resulting illness. He was an over-the-road driver for a common carrier of motor vehicles. On June 23, 1976, he left home in Atlanta about 10 a.m., picked up a truck load of new automobiles and drove to Lenoir, North Carolina, a distance of approximately 250 miles, arriving at approximately 7:30 p.m. When he arrived the night watchman met him. After claimant's husband had unloaded one automobile the night watchman advised him, "Man, you look tired," to which he replied, "I am. I am ready to give out." Claimant's husband sat down in the cab of the truck "and folded his arms on the steering wheel." The next time the night watchman noticed him he was falling and asked him, "How about helping me." The night watchman assisted him into one of the new automobiles and turned on the air conditioning. He then called an ambulance, and the driver was taken to the hospital. After hospitalization at Lenoir for 21 days he was returned to Atlanta, had another episode of heart trouble and was carried to Georgia-Baptist Hospital where he remained for several days and after returning to his home he died as a result of his heart problems. In the findings of fact by the administrative law judge it was stated that there was considerable difference of opinion in the medical reports and medical testimony in regard to whether or not the exertion on June 23, 1976, precipitated or caused the heart attack. However, there was medical opinion by one medical doctor that, "the stress of driving the truck and unloading the automobiles was a precipitating factor in his heart attack," and by another medical doctor that the work he was doing, "aggravated a pre-existing heart disease and probably precipitated the heart attack that produced his death." Based on the evidence the administrative law judge determined that the deceased had sustained "an accidental injury that arose in and out of the course of his employment and that

the heart attack that he sustained on June 23rd, 1976, produced his death on August 26, 1976." Based upon the findings of fact and conclusions of law compensation was awarded to the widow of the deceased employee. Upon de novo consideration of all the evidence the full board concurred in the findings and conclusions of the administrative law judge. On appeal to the superior court the award of the full board was affirmed. The employer and insurer appeal. *Held:*

In the conduct of hearings an administrative law judge may consider any medical report on the forms prescribed by the State Board of Workmen's Compensation or in narrative form bearing the signature of an examining or treating physician or other duly qualified medical practitioner and same "shall be admissible insofar as it purports to represent the history, examination, diagnosis, treatment, and prognosis by the person whose signature appears thereon, as if that person were present in court and testifying as a witness, subject to the right of any party to make objections to the admissibility of any portion of the report, and subject also to the right of the opposite party to cross-examine the witness and, if necessary, provide rebuttal testimony within the time allowed by the Board." Code Ann. § 114-707 (Ga. L. 1975, pp. 198, 207). The board, acting in their capacity as de novo finders of fact, as well as the administrative law judge, are presumed to have considered all relevant testimony in the record in making the award. *Shelton v. Bituminous Fire &c. Ins. Co.,* 141 Ga. App. 153 (232 SE2d 645). However, even though some of the evidence may be said to be subject to objection as hearsay the evidence is sufficient to support the award that the deceased husband of the claimant had sustained an accidental injury to his heart arising out of and in the course of his employment. *Guye v. Home Indem. Co.,* 241 Ga. 213 (244 SE2d 864) and cits. at pp. 215-216. The superior court did not err in affirming the award of the State Board of Workmen's Compensation in favor of the claimant.

*Judgment affirmed. Quillian, P. J., and Webb, J., concur.*

Argued September 6, 1978 — Decided November 2, 1978 — Rehearing denied November 22, 1978 — 

Smith, Cohen, Ringel, Kohler & Martin, Williston C. White, Andrew J. Hinton, Jr., for appellants.

Fink, Owen, McLam & Travis, David H. Fink, for appellee.