57599. STATE OF GEORGIA et al. v. KIRBY.

SHULMAN, Judge.

This is an appeal from the judgment of the Superior Court of Lee County affirming an award of the State Board of Workers' Compensation granting compensation to appellees. We affirm.

1. Appellants contend that the court erred in affirming the board's decision, in that no competent evidence was presented to show that decedent's death from heart failure was related to or caused by his

employment with appellant Lee Correctional Institute. We disagree.

"It is well recognized in 'heart attack' cases that it is often difficult for the trier of fact to find the line between a noncompensable heart injury that is a symptom of an existing disease merely manifested during job exertion, and a compensable heart injury to which the job exertion was a contributing precipitating factor. [Cits.] The generalized and complex nature of a heart injury may prevent causation from being conclusively attributed to the work performed. In determining whether [decedent's] job activities caused or contributed to his heart injury, it has been said that the fact finder may rely on different forms of evidence, including medical opinion or 'the natural inference through human experience.' [Cit.]" *Guye v. Home Indemnity Co.,* 241 Ga. 213, 215 (244 SE2d 864).

While the Supreme Court in *Guye* did not decide whether the natural inference can prevail in a case where there is uncontradicted medical opinion that the employee's work did *not* cause or contribute to the employee's injury, the court did hold that the " 'natural inference from human experience' constitutes competent, creditable evidence as to causation sufficient to be found to satisfy the preponderance of the evidence requirement . . ." Id., p. 217.

As in *Guye,* the board in the case at bar was not confronted with uncontradicted medical testimony negating the "natural inference." The board was thus within its authority in relying upon the natural inference in concluding that decedent's work activities precipitated or contributed to his heart failure.

2. Appellants contend that the board erroneously determined that decedent's heart attack arose out of his employment with the correctional institute. Instead, appellants contend that decedent suffered a heart attack in his capacity as a volunteer fireman. We disagree with appellants' assertion of error.

"The question of preponderance of the evidence is a matter resting with the trier of facts and where the trier finds either way, it will not be set aside on appeal if there is any evidence to support the finding." Id., p. 218. As

there was evidence authorizing the board to conclude that decedent's fire department activities were within the scope of his employment with appellant correctional institute, the judgment of the superior court, affirming the board's award, was proper.

*Judgment affirmed. Deen, C. J., and McMurray, P. J., concur.*

SUBMITTED APRIL 3, 1979 — DECIDED JULY 6, 1979.

*Ben Kirbo, Arthur K. Bolton, Attorney General, Wayne P. Yancey, Assistant Attorney General,* for appellants.

*Malone & Percilla, Del Percilla, Jr.,* for appellee.