## 73268. SOUTHWIRE COMPANY v. EASON.

(353 SE2d 567)

POPE, Judge.

This is a discretionary appeal from a workers' compensation case. The claimant has a form of heart disease called Prinzmetal's angina pectoris, which is characterized by spontaneous and recurrent arterial spasms. Claimant is obese, smokes and has a family history of heart disease.

The administrative law judge (ALJ) made the following findings of fact: "During March of 1983, the claimant began experiencing chest pain [for which she sought medical attention]. . . . During August of 1984, the claimant testified that her work area was very hot and stuffy and that she experienced chest pain while [performing her work duties]. . . . On September 1, 1984 the claimant experienced severe chest pain and told her crew chief. . . . The claimant worked the remainder of her shift and went home. Approximately one to one and a half hours later, the claimant experienced chest pain so severe that she was unable to move. The claimant was examined by Dr. William Rogers on September 4, 1984, and he referred the claimant to Dr. Charles W. Wickliffe. The claimant worked for the employer on September 5, 6, and 7 of 1984. After being examined by Dr. Wickliffe, the claimant was hospitalized on September 9, 1984, and discharged on September 13, 1984."

The evidence concerning whether claimant's heart disease was work-related was contradictory, with Dr. Wickliffe opining that it was and three other doctors submitting reports that it was not. The ALJ summarized the findings of Dr. Wickliffe as follows: "In his report dated November 20, 1984, Dr. Charles W. Wickliffe reported that the claimant suffers from Prinzmetal's angina pectoris which is a condition where there is spontaneous and recurrent spasms in an artery which can ultimately lead to its complete occlusion. Dr. Wickliffe further reported that he performed a coronary arteriogram which demonstrated a total occlusion of the right coronary artery and that distally the claimant had suffered a small but definite heart attack on the inferior wall of her heart. Dr. Wickliffe further reported that in his opinion the claimant's condition was significantly aggravated by her employment. In his deposition, Dr. Wickliffe testified that he based his opinion on the claimant's history relating her pain to her activities and that the fact that the claimant's symptoms went away with rest and medical treatment and came back when she was put back into the environment of work."

The ALJ found that the claimant had suffered a compensable job-related injury. On appeal, the board, with one director dissenting, adopted the findings of fact and conclusions of law of the ALJ. Based on the any evidence rule, the superior court affirmed. We granted the

employer's discretionary appeal.

To qualify as a compensable injury under our workers' compensation law, "heart disease, heart attack, the failure or occlusion of any of the coronary blood vessels, or thrombosis . . . [must be] shown by a preponderance of competent and credible evidence . . . [to be] attributable to the performance of the usual work of employment." OCGA § 34-9-1 (4). This requirement of competent and credible evidence, however, does not go to the form of evidence required to support a claim for compensation in heart injury cases. *Guye v. Home Indem. Co.*, 241 Ga. 213, 216 (244 SE2d 864) (1978). "In determining whether claimant's job activities caused or contributed to his heart injury, it has been said that the fact finder may rely on different forms of evidence, including medical opinion or 'the natural inference through human experience.' [Cit.]" *Guye* at 216. However, on at least one occasion the Supreme Court of this state has found inapplicable the natural inference from human experience presumption in a case in which the symptoms of the heart attack did not occur until the claimant had been home several hours. *Southwire Co. v. Cato*, 250 Ga. 895, 898 (302 SE2d 91) (1983).

Although the exact date of claimant's heart attack in the case *sub judice* could not be medically determined, we believe the ALJ was authorized to find that claimant suffered a compensable heart injury. The record clearly shows that on September 1, 1984 claimant experienced severe chest pain while at work and experienced incapacitating pain within one to one and a half hours after she arrived at home following her shift. There was medical testimony that emotional or physical stress could be the precipitating factor in heart pain up to one hour after the stressful event occurred. The record shows that claimant's work was physically and, according to the testimony of Dr. Wickliffe, emotionally stressful. In addition to the heart attack, claimant also suffered arterial occlusion. Lastly, there was medical testimony that claimant's heart condition was significantly aggravated by her employment. " 'Questions as to credibility and preponderance address themselves to the trier of facts. (Cits.) On appeal, the appellate tribunal does not determine the credibility of witnesses or the preponderance of the evidence. The appellate tribunal utilizes the "any evidence" test, a test not available to the trier of facts in deciding disputed factual issues.' [Cit.]" *Hodges v. William L. Sloan, Inc.*, 173 Ga. App. 358, 359 (326 SE2d 556) (1985). Since there was competent and credible evidence to support the award of the ALJ, we must affirm. See, e.g., *Southwire Co. v. Cato*, 179 Ga. App. 762 (347 SE2d 656) (1986); *G & H Logging, Inc. v. Burch*, 178 Ga. App. 28 (1) (341 SE2d 868) (1986).

*Judgment affirmed. McMurray, P. J., and Carley, J., concur.*

DECIDED JANUARY 26, 1987 —
REHEARING DENIED FEBRUARY 10, 1987 —

James T. McDonald, Jr., Joseph A. Munger, for appellant.
C. C. Perkins, for appellee.