### 73861. GALLMAN v. CORONET INDUSTRIES, INC.
(356 SE2d 654)

CARLEY, Judge.

Appellant's husband suffered a heart attack while working for appellee-employer. He was taken to a hospital and died that evening. Appellant sought workers' compensation benefits from appellee. The Administrative Law Judge (ALJ) denied the claim. The Full Board affirmed, adopting the ALJ's findings of facts and conclusions of law as its own. The superior court affirmed the award of the Full Board. Appellant now appeals to this court pursuant to our grant of her application to file a discretionary appeal.

Appellant contends that the superior court erred in affirming the denial of compensation because, upon application of the "natural inference" rule to the facts of this case, a finding of compensability would be demanded. The "natural inference" rule, as applicable in cases of heart attacks is, as follows: "Where evidence as to the work engaged in [by the employee] shows it to [have been] sufficiently strenuous, or of such a nature that, combined with the other facts of the case, it raises a natural inference through human experience that [the exertion] did . . . contribute [toward the precipitation of the heart attack], this is sufficient" to authorize a finding of a compensable injury and, thus, to support an award in the claimant's favor. *Hoffman v. Nat. Surety Corp.*, 91 Ga. App. 414, 417 (85 SE2d 784) (1955). See also *Guye v. Home Indem. Co.*, 241 Ga. 213 (244 SE2d 864) (1978); *Southwire Co. v. Cato*, 250 Ga. 895 (302 SE2d 91) (1983); *Brown Transport Corp. v. Jenkins*, 129 Ga. App. 457 (199 SE2d 910)

(1973). Even assuming that there was sufficient evidence of exertion to warrant application of the "natural inference" rule in this case and that an award in favor of appellant would have been *authorized*, such an award was nevertheless not *demanded* by the evidence. The record contains competent, credible evidence that the deceased's heart attack was not related to his employment. Specifically, the cardiologist who treated appellant's husband following his heart attack testified that it was his opinion that the heart attack was not job-related. The award of the Full Board denying compensation is supported by the physician's opinion. Neither the superior court nor this court is authorized to reweigh the evidence. See generally *Georgia State Indem. Comm. v. Lyons*, 256 Ga. 311 (348 SE2d 642) (1986). "The question of preponderance of the evidence is a matter resting with the trier of facts and where the trier finds either way, it will not be set aside on appeal if there is any evidence to support the finding. [Cits.]" *Guye v. Home Indem. Co.*, supra at 218. The award of the Full Board being supported by sufficient evidence, the superior court was correct in affirming it.

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED APRIL 6, 1987 —
REHEARING DENIED APRIL 16, 1987 — 

*Newton D. St. John, Jr.*, for appellant.
*James T. Fordham*, for appellee.