A94A1358. SUTTON v. B & L EXPRESS et al.
(450 SE2d 859)

RUFFIN, Judge.

Leon Sutton appeals the denial of his claim for workers' compensation benefits against his former employer, B & L Express ("B & L").

At the time of his injury, Sutton had been employed by B & L as a truck driver. While driving his truck one afternoon, Sutton began to feel sick, and after completing his delivery, he went home early. During the early morning hours he went to the emergency room and was diagnosed with congestive heart failure. The administrative law judge ruled Sutton's claim for workers' compensation benefits compensable.

On appeal, the full board denied Sutton benefits, finding Sutton's claim of job-related stress was not a precipitating factor leading to the onset of symptoms; therefore, he did not suffer an accident arising out of or in the course of his employment with B & L Express. The superior court affirmed the board's award and Sutton appealed.

1. Sutton asserts there is insufficient evidence to support the de-

cisions of the board and the superior court. OCGA § 34-9-1 (4) provides in pertinent part that injuries shall not include "heart disease [or] heart attack . . . unless it is shown by a preponderance of competent and credible evidence that any of such conditions were attributable to the performance of the usual work of employment."

" 'The question of preponderance of the evidence is a matter resting with the trier of facts and where the trier finds either way, it will not be set aside on appeal if there is any evidence to support the finding. (Cits.)' [Cit.]" *Gallman v. Coronet Indus.*, 182 Ga. App. 649, 650 (356 SE2d 654) (1987). "[U]pon appeal, the evidence will be construed in a light most favorable to the party prevailing before the board, and every reasonable factual inference and presumption of validity of award should be indulged in by the reviewing court. Neither the superior court nor this court has any authority to substitute itself as a fact-finding body in lieu of the board; an appellate body is bound by the 'any evidence' standard of review, and is not authorized to substitute its judgment as to weight and credibility of witnesses." (Citations and punctuation omitted.) *A & P Transp. v. Warren*, 213 Ga. App. 60, 62 (443 SE2d 857) (1994).

In this case there was ample evidence to support the board's decision. Specifically, the board found the medical evidence showed Sutton had multiple risk factors for coronary disease, including hypertension, cigarette abuse, and obesity with adult onset glucose intolerance, none of which was shown to be attributable or related to his employment. While Sutton's physician stated stress could have been a causative factor, he did not reach any conclusions regarding this point. Furthermore, the board found Sutton was not under any stress on the day in question. Therefore, the superior court did not err in affirming the full board's decision.

2. We also do not find the decisions of the board and superior court contrary to law. Sutton contends that since OCGA § 34-9-1 (4) only requires the injury to be attributable to the "usual work of employment," the board and superior court erred as a matter of law by relying on the fact that he was not engaged in "heavy physical activity" at the time he sustained his injury. This contention "is founded upon a mere misconstruction of the thrust of the board's award." *Kaiser v. Great American Ins. Co.*, 130 Ga. App. 629 (204 SE2d 375) (1974). Although the board's decision stated Sutton was not engaged in heavy physical activity, the thrust of its decision and the conclusion it came to was that the job stress Sutton complained of was not a precipitating factor in his heart failure.

Sutton also argues that our ruling in *Colonial Stores v. Hambrick*, 176 Ga. App. 544, 546 (3) (336 SE2d 617) (1985), that an "employer takes his employee as it finds him and assumes the risk of a diseased condition aggravated by injury" precluded the board from

considering his pre-existing risk factors for heart disease. We disagree. Sutton would only be entitled to benefits if he could show his employment either directly caused his heart disease or aggravated his pre-existing condition to cause the heart disease. See id. at 545. In making this determination, the board would be authorized to consider whether Sutton's existing risk factors alone caused his heart disease, whether any of those risk factors were caused by his employment, or whether any job-related conditions aggravated those risk factors to cause the heart disease. See *A & P Transp. v. Warren*, supra. Accordingly, we find no error.

3. Sutton's remaining enumeration of error contending the board and superior court acted in excess of their powers is unsupported by argument, reference to the record, or citation to legal authority; it therefore is deemed abandoned pursuant to Court of Appeals Rule 15 (c) (2). See *Asbury v. Ga. World Congress Center*, 212 Ga. App. 628 (3) (442 SE2d 822) (1994).

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED DECEMBER 1, 1994.

*Linzie F. Bogan*, for appellant.

*Anderson, Walker & Reichert, Elton L. Wall, Brown W. Dennis, Jr.*, for appellees.