## A01A1150. AFLAC, INC. et al. v. HARDY.
(552 SE2d 505)

RUFFIN, Judge.

Patsy Hardy, an AFLAC, Inc. employee, began experiencing chest pain while at work, and she was taken to a hospital where it was discovered that she had suffered a heart attack. Hardy filed a claim for workers' compensation benefits, alleging that her heart attack had been caused, in part, by work-related stress. Following a hearing on the matter, the State Board of Workers' Compensation awarded benefits, and this appeal ensued.[1] For reasons that follow, we reverse.

Construed in the light most favorable to support the award of the State Board,[2] the record demonstrates that Hardy worked for AFLAC as an invoice specialist, which required her to review and reconcile payments made under insurance policies. Hardy testified that she had difficulty with her job because "you were continually pushed to get things done quickly but accurately, and there was no way you could do it quickly and accurately." Although Hardy enjoyed her work, she "was not happy with the pressure," and she requested a transfer to a different job. According to Hardy, she told Sandra Summersgill, an employee in the human resources department, that her job was "killing" her. Hardy told Summersgill that she would take a cut in pay in exchange for a less stressful job, but she was not given a transfer.

On April 27, 1998, Hardy reported to work at 7:30 a.m. Approximately two hours later, she began feeling nauseous and dizzy, and she experienced chest pain. Hardy was taken by ambulance to a local hospital, where doctors discovered that she had suffered a heart attack. Hardy remained hospitalized for three days, during which time she underwent angioplasty to clear an artery that was ninety-nine percent occluded.

After being released from the hospital, Hardy was seen by Dr. Schwindt, who concluded that Hardy had "[p]remature coronary artery disease." On May 18, 1998, Dr. Schwindt permitted Hardy to return to work, but noted that "patient needs less stressful environment and [she needs to] work ½ day until 5-25-98." When Hardy returned to work, she was given less work, but AFLAC did not move her to a less stressful position. Consequently, in June 1998, she took leave under the Family Medical Leave Act. In December 1998, while

---

[1] AFLAC appealed to the superior court, which did not issue a ruling within 60 days. Accordingly, the award of the State Board of Workers' Compensation was affirmed as a matter of law. See OCGA § 34-9-105 (b). This Court then granted AFLAC's application for discretionary appeal.

[2] See *Olde South Custom Landscaping v. Mathis*, 229 Ga. App. 316 (494 SE2d 14) (1997).

still on leave, Hardy received notice that her job with AFLAC had been terminated in September 1998.

Hardy filed a notice of claim with the State Board, asserting that she was entitled to income and medical benefits as a result of her heart attack. At the hearing, AFLAC tendered the report of Dr. Charles Wickliffe, who concluded that Hardy's coronary disease had caused her heart attack, but that "[t]here is no evidence to support a conclusion that [Hardy's] coronary artery disease was in any way related to her employment at AFLAC." Hardy, on the other hand, tendered a report from Dr. Patricia Gruczak, who wrote that Hardy's "stressful work environment cannot be clearly implicated; although, I must say it can play a role in exacerbating symptoms."

OCGA § 34-9-1 (4) sets forth the injuries that are compensable under Georgia's workers' compensation law. This Code section provides, in pertinent part, that an injury shall *not* include "heart disease, heart attack, the failure or occlusion of any of the coronary blood vessels, stroke, or thrombosis unless it is shown by a preponderance of competent and credible evidence, which shall include medical evidence, that any of such conditions were attributable to the performance of the usual work of employment."[3] Thus, under the express language of this statute, a workers' compensation claimant must produce some medical evidence to support a claim for benefits.[4]

Here, AFLAC contends that the State Board erred in awarding benefits, arguing that Hardy failed to produce "sufficient 'medical evidence' . . . to support an award of benefits." On appeal, however, the question is not whether *sufficient* evidence supports the State Board's finding that an injury is compensable, but whether *any evidence* supports such finding.[5]

In the award of the administrative law judge (ALJ), which was adopted by the appellate division of the State Board, the ALJ concluded that Hardy met her burden of providing medical evidence "with the opinion of Dr. Patricia Gruzak [sic], . . . [who] states that [Hardy's] stressful work environment played a role in exacerbating the employee's premature coronary artery disease." However, the ALJ paraphrased Gruczak's report, which actually states that a stressful work environment "can play a role in exacerbating symptoms," but could *not* be clearly implicated in causing Hardy's premature atherosclerosis.

---

[3] OCGA § 34-9-1 (4).

[4] See *Phillips Correctional Institute v. Yarbrough*, 248 Ga. App. 693 (548 SE2d 424) (2001).

[5] See id. at 695. See also *Mathis*, supra ("'It is axiomatic that the findings of the (Board), when supported by any evidence, are conclusive and binding, and that neither the superior court nor this court has any authority to substitute itself as a factfinding body in lieu of the Board.'").

"It is well settled that work need be only a contributing factor to a heart injury in order for that injury to be compensable."[6] If, however, a heart injury merely becomes symptomatic at work, the symptoms themselves are not compensable.[7] "It is always difficult in heart attack cases to draw the line between an injury to the heart that is caused by on-the-job exertion and an injury that pre-existed and merely manifested itself or became symptomatic during job exertion."[8] Hardy, as the claimant, bears the burden of establishing that her injury falls into the former category, rather than the latter.[9]

In order to prevail, Hardy must provide some medical evidence that her work contributed either to her underlying coronary artery disease or to her April 1997 heart attack.[10] Here, Dr. Gruczak's report, the medical evidence upon which the ALJ expressly relied, clearly states that a stressful job such as Hardy's "can play a role in exacerbating symptoms." Such evidence does not meet Hardy's burden of proof.

Dr. Gruczak does not state in her report that Hardy's job *did* exacerbate her symptoms, but merely that work stress "can" do so. Such an equivocal statement merely raises the possibility that stress was a factor, which generally is insufficient to sustain a party's burden of proof.[11] Moreover, Gruczak's report did not state that Hardy's job could have contributed to her coronary artery disease, as the ALJ found in her award. To the contrary, the report simply said that Hardy's job could exacerbate the *symptoms* of her coronary artery disease, which, in the case of heart disease, does not constitute a compensable injury.[12] As the record is devoid of any medical evidence that Hardy's job contributed to her underlying heart disease or to her heart attack, Hardy failed to carry her burden of proving entitlement to workers' compensation benefits.[13] It follows that the award of the State Board must be reversed.

*Judgment reversed. Johnson, P. J., and Ellington, J., concur.*

---

[6] *Yarbrough*, supra.

[7] See *Carter v. Kansas City Fire &c. Ins. Co.*, 138 Ga. App. 601, 604 (226 SE2d 755) (1976) ("[H]eart disease, even though painful on the job, is not a compensable injury.").

[8] Id. at 603.

[9] Id. ("It was . . . incumbent on claimant to show that the heart attack was attributable to [her] work.").

[10] See OCGA § 34-9-1 (4).

[11] See *La Cosecha, Inc. v. Hall*, 246 Ga. App. 441, 444 (540 SE2d 659) (2000) ("Guesses or speculation which raise merely a conjecture or possibility are not sufficient to create even an inference of fact for consideration on summary judgment.") (punctuation omitted).

[12] See *Carter*, supra.

[13] See *Sutton v. B & L Express*, 215 Ga. App. 394, 396 (2) (450 SE2d 859) (1994) (claimant entitled to benefits only "if he could show his employment either directly caused his heart disease or aggravated his pre-existing condition to cause the heart disease").

Decided July 13, 2001 — 

*Savell & Williams, Mark S. Gannon, Laurel C. Schmitt*, for appellants.
*William A. Byars, Neil C. Thom*, for appellee.