A08A0472. PARHAM v. SWIFT TRANSPORTATION COMPANY, INC.
(663 SE2d 769)

BARNES, Chief Judge.

Eugene Parham sought payment of his hospital bill from his employer, Swift Transportation Company, Inc. ("Swift"), contending that it was compensable under the Workers' Compensation Act. Swift controverted the payment, and after a hearing, an administrative law judge ("ALJ") concluded that Swift was liable for the medical bill as well as $2,100 in attorney fees. The appellate division affirmed the ALJ's award, but the superior court reversed, finding that Parham failed to meet his burden of proving that his injury arose from his employment. This court granted Parham's application for discretionary appeal, and upon review of the entire record, reverse the superior court.

In all workers' compensation cases, the burden is on the employee to show that he has sustained an injury compensable under the Workers' Compensation Act. *Berry College v. Storey*, 199 Ga. App. 298, 299 (2) (404 SE2d 640) (1991).

> Under the "any evidence" rule by which this court and the superior court review workers' compensation awards, if the ALJ and appellate division accept the testimony of the claimant over that of a medical expert, we must affirm. *Fulton-DeKalb Hosp. Auth. v. Hadley*, 174 Ga. App. 503, 504-505 (1) (330 SE2d 432) (1985).

*Metro Interiors v. Cox*, 218 Ga. App. 396, 398 (461 SE2d 570) (1995). Further, while

> [t]he diagnosis and treatment of injury and disease are essentially medical questions to be established by physi-

cians as expert witnesses and not by laymen . . . , and the physician may testify as to his opinion of the cause of an injury, he may not testify to the ultimate fact in such manner as to invade the province of the fact-finding body, for whether the particular injury was or was not caused in such manner as to render it compensable is the issue to be tried, and no testimony in the nature of opinion evidence will preclude the fact-finding tribunal from reaching its own conclusion on this matter, given the facts of the case and aided by the interpretation of experts.

*Autry v. Gen. Motors &c. Plant*, 85 Ga. App. 500, 502 (69 SE2d 697) (1952). "Medical testimony in any event is advisory only, and may be accepted or rejected by the Board. *Zurich Ins. Co. v. Robinson*, 123 Ga. App. 582, 583 (181 SE2d 923) [1971]." *Fox v. Hartford Accident &c. Co.*, 130 Ga. App. 104, 106 (1) (202 SE2d 568) (1973). Finally, a reviewing court may not substitute its judgment for that of the Board. *Ga.-Pacific Corp. v. Wilson*, 240 Ga. App. 123, 126 (1) (522 SE2d 700) (1999).

Parham testified at his workers' compensation hearing that on July 4, 2005, he unloaded his 53-foot trailer alone from 7:30 or 8:00 a.m. to 5:30 p.m. in humid weather exceeding 90 degrees. He had to move freight onto already-loaded "buggies," push those buggies uphill out of the back of his trailer, then move the buggies to the loading dock and up a steep ramp into the store. Around 11:00 a.m., he began to feel that "something was wrong," and the heat was "starting to get to" him. He began "wanting to drink a lot [of] water" and became "a lot weaker than normal," which is why it took him all day to unload the trailer. At the end of the day, he called his supervisor and said he was not feeling well. He tried to rest in his truck, rose at 3:00 a.m. to take a shower, went back to his truck, and rose again at 5:30 a.m. to call his supervisor and tell him he needed medical attention.

Parham drove his truck to a nearby dispatch terminal and told the manager there that he probably became sick unloading his truck and was getting sicker. He called the claims office as directed, and was told to go to the Greenville Memorial Hospital. A shuttle van took him to the emergency room. When asked at his hearing what he thought was wrong with him when he went to the hospital, he said, "I . . . got too hot. You know, I just got sick from getting too hot." He had been unloading trucks for 12 days and it had been "kind of building up a little bit and it just sort of overloaded that day."

Parham submitted his $7,195 hospital bill to Swift's workers' compensation carrier, but his claim was rejected for not being "job-related." He then sought recovery via his group health insur-

ance plan, but his claim was rejected for being "job-related."[1]

Parham's medical records revealed that he was weak and fatigued with a fever of 102 degrees when first seen in the emergency room. A urinalysis revealed a likely urinary tract infection ("UTI") and acute renal failure, with no history of any apparent renal problems. The admitting physician noted that Parham "could have some dehydration effect," although he did not appear to the physician to be "that dehydrated." The nephrologist noted that Parham reported he had been working in hot humid weather for two days before he felt himself becoming overheated, and then became weak and tired. His renal ultrasound was normal, and the specialist planned to look into possible causes while continuing "careful rehydration" and serial labs.

Parham's renal failure resolved sufficiently during his three-day hospital stay for him to go home. He testified that he had never had kidney problems before except for a stone more than 20 years earlier. The discharging physician noted that, despite an extensive workup, the doctors found no definitive cause of the UTI or the renal failure. The doctor stated, "It is possible that the patient had some renal failure secondary to his extreme labor in the hot weather." Parham was discharged in good condition.

The ALJ awarded Parham benefits and attorney fees, finding that Parham's renal failure was job-related and compensable. Specifically, the ALJ found that,

> [a]fter personally observing the employee's demeanor and testimony, I find the employee very credible. . . . I find [credible] the employee's testimony that his need for medical treatment at Greenville Memorial Hospital is related to the employee's work with the employer.[2]

The Appellate Division affirmed the ALJ's decision.

The superior court reversed the Board's decision, however, finding that the ALJ "only" relied on "equivocal" evidence from Parham's doctors about the etiology of his renal failure. The superior court further concluded that Parham failed to show that his acute renal failure was caused by his work conditions and activities, citing *Globe Indem. Co. v. Simonton*, 88 Ga. App. 694 (76 SE2d 837)

---

[1] Curiously, it appears that Parham's health insurance covered bills from physicians who saw Parham at the hospital, just not the hospital bill itself.

[2] Notably, at the administrative hearing, Swift declined to cross-examine Parham.

(1953).[3] In *Globe*, the claimant was hospitalized and incompetent after suffering from a heat stroke. His representative should have produced some evidence "as to the exertion which actually existed at the time of the heat stroke, and some testimony, opinion or otherwise, that the quantum of physical exertion present could contribute to the seizure." Id. at 696. We thus remanded the case for the Board to consider additional evidence as to "whether the seizure was brought about by a particular hazard of the claimant's employment." Id.

Here, unlike in *Globe*, the claimant presented evidence regarding his level of exertion at the time he fell ill, as well as his own testimony that the exertion caused his hospitalization. Accordingly, the superior court erred in reversing the Board's award of benefits because competent evidence supports the ALJ's findings that Parham had a compensable injury. Specifically, Parham had never experienced any renal failure before the incident. He was treated for dehydration, and after three days in the hospital his renal failure resolved completely. The employer's suggestion that Parham's previously undiagnosed benign enlarged prostate might have caused his urinary tract infection is mere supposition; nothing in the record intimates that Parham's UTI caused his renal failure. Further, Parham's failure to discuss the UTI or enlarged prostate in his brief is irrelevant rather than a "failure to disclose," as characterized by the appellee.

As the trier of fact, the ALJ was free to determine what portions of the evidence he would consider, what weight such evidence would be given, and the credibility of any witnesses or testimony. *Metro Interiors v. Cox*, supra, 218 Ga. App. at 398.

> The ALJ and board may choose to believe the testimony of the claimant as opposed to the testimony of an expert witness. [Cits.] The testimony of the claimant provided the "any evidence" in support of the ALJ and board's findings, and the superior court erred in substituting its judgment for that of the board in weighing the credibility of the claimant's testimony, and finding no competent evidence in support of the board's award.

*Maddox v. Elbert County Chamber of Commerce*, 191 Ga. App. 478, 481-482 (1) (b) (382 SE2d 150) (1989).

*Judgment reversed. Johnson, P. J., and Phipps, J., concur.*

---

[3] The superior court also relied on *AFLAC, Inc. v. Hardy*, 250 Ga. App. 570 (552 SE2d 505) (2001), which is distinguishable because the injury at issue was a heart attack, which requires that claimants meet a higher standard of proof to establish compensability.

DECIDED JUNE 18, 2008.

*Shannon D. Rolen*, for appellant.
*Nicole D. Tifverman*, for appellee.