**SECOND DIVISION**
**ANDREWS, P. J.,**
**MCFADDEN and RAY, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**March 25, 2015**

# In the Court of Appeals of Georgia

A14A1633. SAVE-A-LOT FOOD STORES et al. v. AMOS.

MCFADDEN, Judge.

This appeal is by an employer from a superior court order reversing an administrative denial of workers' compensation benefits to an employee. Although the superior court ruled that the State Board of Workers' Compensation held the employee to an unfairly heightened standard of proof, a review of the decisions of the appellate division and the administrative law judge shows otherwise. Accordingly, we reverse.

1. *Facts and procedural posture.*

On appeal from an award of the Appellate Division of the State Board of Workers' Compensation, this [c]ourt examines the record to see if there is competent evidence to support the award and construes the evidence in a light most favorable to the prevailing party. It is axiomatic that the findings of the State Board of Workers' Compensation, when

supported by any evidence, are conclusive and binding, and that neither the superior court nor this [c]ourt has any authority to substitute itself as a fact finding body in lieu of the [b]oard. However, erroneous applications of law to undisputed facts, as well as decisions based on erroneous theories of law, are subject to the de novo standard of review.

*Bonner-Hill v. Southland Waste Systems*, 330 Ga. App. 151, 153 (___SE2d___) (2014) (citations and punctuation omitted).

The record shows that James Amos sought workers' compensation benefits, claiming that he was disabled as the result of a work-related stroke. His employer, Save-A-Lot Food Stores, and its workers' compensation carrier, Old Republic Insurance Company (collectively, "Save-A-Lot"), controverted the claim. A hearing on Amos' claim was held before an administrative law judge ("ALJ").

At the hearing, Amos testified that on August 5, 2011, he was at work when he became dizzy and flushed while unloading pallets of meat weighing between 15 and 60 pounds. He took a short break and then continued working, but found himself miscounting items, losing his balance and becoming confused. He had a severe headache, water was dripping from his right eye, and the left side of his body felt weak. Amos was driven to the hospital, where he was admitted for three days.

Amos' family doctor, Melanie Shorter, opined that Amos had suffered a stroke and that job-related stress was a contributing factor that led to it. She also identified

2

Amos' tobacco use, uncontrolled diabetes, hypoadenia, inactivity, and family history as other possible factors. Dr. Michael Frankel, a neurologist who specializes in strokes and is the director of a hospital stroke and neuroscience center, testified that Amos' magnetic resonance imaging (MRI) testing and other medical records showed no evidence of a stroke. Dr. Frankel further testified that it is not clear whether stress is a real factor for stroke and that Amos had most of the other known significant risk factors for stroke, including diabetes, family history and smoking. Another neurologist, Dr. Abdul Qadir, who had treated Amos, found no objective evidence that he had suffered a stroke and that the etiology of his symptoms was unclear. Dr. Qadir further noted that Amos' MRI did not demonstrate any stroke and he questioned whether the incident had been initiated by a "vascular or hypoglycemic event[.]"

Following the hearing, the ALJ entered an order denying Amos' request for benefits. The ALJ found that Amos had not shown that he suffered a stroke, and that even if he had, the stroke was not caused by work stress. Accordingly, the ALJ concluded that Amos was not entitled to workers' compensation benefits because he had "failed to prove by a preponderance of competent and credible evidence that he

3

suffered a stroke arising out of, and in the course of, his employment with [Save-A-Lot] on or about 8/5/2011."

Amos appealed to the state board's appellate division, complaining that the ALJ had unfairly held him to a heightened standard of proof. Amos pointed to the following portion of the ALJ's order:

> Employee has the burden of proof and must show that he sustained an injury which arose out of and in the course of his employment and that disability resulted from the injury. The standard of proof on all factual questions is by a preponderance of the credible evidence. *Employee is required to meet a higher standard of proof to establish that his alleged stroke is compensable*. That proof must also be supported by medical evidence. (Citations omitted, emphasis supplied.)

The appellate division affirmed the decision of the ALJ, finding that the preponderance of competent and credible evidence showed that Amos had not suffered a compensable injury. With respect to the "higher standard of proof" language emphasized above, the appellate division ruled as follows:

> To the extent that the administrative law judge referenced in paragraph 13 of the award that the Employee is required to meet a higher standard of proof to establish that his alleged stroke is compensable in this case, we find he so erred. As such, based upon the foregoing, the third sentence of paragraph 13 of the findings of fact and conclusions of law is stricken. (Citations omitted.)

Amos then appealed to the superior court, which reversed the appellate division. The court ruled that the ALJ's "higher standard of proof" language was erroneous and that the appellate division had recognized the error but had failed to correct it. The court noted that the appellate division referred to "the wrong page and paragraph of the original Award" and improperly adopted the ALJ's factual findings. Accordingly, the superior court reversed the appellate division's award and remanded the case to the state board "with instructions to conduct a new trial and issue new and complete findings of fact and conclusions of law."

Save-A-Lot filed an application for discretionary review of the superior court's order. This court granted the application, and Save-A-Lot then filed a timely notice of appeal.

2. *Burden of proof.*

OCGA § 34-9-1 (4) provides that a compensable injury under the Workers' Compensation Act does not include "heart disease, heart attack, the failure or occlusion of any of the coronary blood vessels, *stroke*, or thrombosis *unless it is shown by a preponderance of competent and credible evidence, which shall include medical evidence*, that any of such conditions were attributable to the performance of the usual work of employment." (Emphasis supplied.) Thus, an employee seeking

workers' compensation benefits based on a stroke "must produce some medical evidence to support a claim for benefits." *AFLAC v. Hardy*, 250 Ga. App. 570, 571 (552 SE2d 505) (2001) (citation omitted) (involving heart attack).

Contrary to the finding of the superior court, the ALJ and the appellate division did not impose on Amos a burden of proof higher than the applicable preponderance of competent and credible evidence standard set forth in OCGA § 34-9-1 (4). A review of the ALJ's decision shows that he cited the appropriate preponderance of the evidence standard three separate times. Moreover, the ALJ expressly concluded that Amos had "failed to prove by a preponderance of competent and credible evidence that he suffered a stroke arising out of his employment[.]" Thus, it is apparent that the ALJ applied the correct standard of proof.

Although the ALJ did state, in the portion of its decision cited above, that Amos was "required to meet a higher standard of proof to establish that his alleged stroke is compensable," the ALJ never identified any such higher standard of proof beyond preponderance of the evidence. Rather, it is clear from the context of this statement that the ALJ was merely referring to the statutory requirement that Amos support his stroke claim with medical evidence. The ALJ supported the "higher standard" sentence with a citation to *AFLAC v. Hardy*, supra, a case discussing the

6

medical evidence requirement. Moreover, the ALJ expressly referenced that medical evidence requirement in the next sentence, supported by a citation to OCGA § 34-9-1 (4).

Like the ALJ, the appellate division also identified and applied the correct standard of proof. In its decision, the appellate division cited the correct standard twice. It first emphasized that the ALJ had made his findings based on "*a preponderance of the competent and credible evidence*." (Emphasis in original.) The appellate division then went on to conclude that, based on its review of the record, the ALJ's findings were supported "by a preponderance of competent and credible evidence." Nowhere in the appellate division's decision is there any indication that it applied an improper heightened standard of proof on Amos. On the contrary, the appellate division took the extra step of actually finding that to the extent the ALJ's reference to a "higher standard of proof" could be considered error, it was struck.

We note that even this court, like the ALJ, has referred to the statutory requirement of additional medical evidence in certain workers' compensation claims, such as heart attack and stroke, as being a "higher standard of proof." In the case of *Parham v. Swift Transp. Co.*, 292 Ga. App. 53, 56 n. 3 (663 SE2d 769) (2008), which did not involve an injury requiring medical evidence, this court distinguished *AFLAC*

7

*v. Hardy*, supra, by noting that the injury at issue in that case "was a heart attack, which requires that claimants meet a higher standard of proof to establish compensability." As with the ALJ in the instant case, this was not a reference to a standard of proof higher than preponderance of the evidence, but was merely a way of expressing the additional evidentiary requirement of medical evidence in such cases. See generally *East v. Stephens*, 292 Ga. 604, 606 (740 SE2d 156) (2013) (when a judgment is susceptible of two meanings, one of which would render it illegal and the other proper, the construction which will render legal, if reasonably possible, shall be given).

Because the appellate division's decision did not apply the wrong standard of proof and because there was evidence in the record to support the appellate division's ruling that Amos did not suffer a compensable, work-related injury, the superior court was required to accept the appellate division's findings. See *Pitts v. City of Rome*, 256 Ga. App. 278, 280-281 (1) (568 SE2d 167) (2002) (affirming denial of claim based on stroke under "any evidence" standard where there were conflicting medical opinions); *Reynolds Constr. Co. v. Reynolds*, 218 Ga. App. 23, 25-26 (459 SE2d 612) (1995). The superior court's ruling to the contrary was therefore erroneous and is hereby reversed.

*Judgment reversed. Andrews, P. J., and Ray, J., concur.*